(May 15, 1951.)

■

FRANK SHERIDAN JONAS, INC., Respondent, v. GUILLERMO ROMANAT, Appellant.

Judgment affirmed with costs.

DORE, J. (dissenting). The judgment appealed from by defendant rests on the basic finding that all moneys earned by defendant on the transactions in question "are the property of plaintiff". This record in my opinion fails to support any such severe and drastic result.

Plaintiff had no exclusive agency for the Passio Argentine Commission; the very opposite is the case; that commission was ready to deal with anyone who could secure sources of supply and in fact the testimony establishes that it dealt with forty or fifty sources. Plaintiff had no monopoly of dealings with Klein or his Oakland Truck Sales Co. On the contrary, the terms of the contract signed by Hall of the Reading Company acting at the time as plaintiff's representative, expressly provided that Oakland would not permit plaintiff's representatives further to sell Oakland's products to the Argentine Commission or agree to pay them any *further* commissions on future sales of its products in addition to the commissions it did agree to pay under the contract in question. Accordingly, plaintiff could not get any commission on Klein's subsequent transactions.

Defendant's oral agreement of employment terminable at will had no negative or restrictive covenant against competing with plaintiff after termination of the employment; on the contrary, thereafter defendant had the unquestioned right of competing with his former employer in the absence of fraud or an express agreement to the contrary (*Boosing* v. *Dorman*, 148 App. Div. 824, affd. 210 N. Y. 529; *Goldberg* v. *Goldberg*, 205 App. Div. 435; *Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312). Jonas, plaintiff's main witness, admitted that there was no understanding that after defendant had left

plaintiff's employment, defendant was not to compete with plaintiff in business or that defendant made any promise to that effect.

It is not the fact, as the trial court found, that defendant sought to create the impression that he was employed solely as an interpreter or that defendant knew of the Argentine Commission solely through plaintiff. Defendant himself in answer to the court's own question, as to whether he was employed as an interpreter, answered "No sir. I was employed as an export man." Jonas admitted that defendant mentioned to him that he had known of the Argentine Aeronautical Purchasing Commission and used to call on it on behalf of a former employee. This was before he was in plaintiff's employ.

Plaintiff had the burden of proving that the information allegedly received was secret and confidential and failed so to do. Defendant in his employment obtained no trade secrets or strictly confidential information, but other easily ascertainable information known to a number of people. For this reason among others this case on its facts is distinguishable from *Byrne* v. *Barrett* (268 N. Y. 199).

There was no direct evidence, as the court admitted, nor were the circumstances sufficient to justify the court finding a conspiracy. Facts may be proved by circumstantial evidence but such proof must rest on something more substantial than surmise or conjecture or suspicion; it must fairly and reasonably exclude any other consideration; and inference may not be based on inference (*Moscato* v. *Prince Line*, 164 App. Div. 412).

Plaintiff though it had notice and knowledge of defendant's action after termination of the employment, did not claim, as its own property, defendant's earnings until after defendant had completed his dealings with the commission. Plaintiff did not act vigilantly and defendant was necessarily prejudiced by being lulled into security.

Plaintiff's failure to produce the checks used to pay the fifty-fifty split of the 10% commission, is significant. In the absence of such proof, there was failure of the best evidence to show that such splitting of commissions was with the commission itself and not with its representative personally; if it was with the latter, the agreement was illegal (*Stone* v. *Freeman*, 298 N. Y. 268). "It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted." (Lord Mansfield in *Blatch* v. *Archer*, 1 Cowp. 63, 65, 98 Eng. Repr. 969, 970.)

Plaintiff failed to sustain the burden of showing that whatever defendant earned in the transactions in question after leaving plaintiff's employment was plaintiff's own property.

Accordingly, I dissent and vote to reverse the judgment appealed from and dismiss the complaint.

Peck, P. J., Cohn, Van Voorhis and McCurn, JJ., concur in decision; Dore, J., dissents and votes to reverse and dismiss the complaint, in opinion.

Judgment affirmed, with costs. No opinion.