■ HERBERT J. KAZDIN et al., Plaintiffs, and LOVE 85TH STREET PHARMACY, INC., Respondent, v MARVIN PUTTER et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered April 26, 1991, which granted plaintiff-respondent's motion for a preliminary injunction enjoining defendants Marvin Putter and Love Lori, Inc. from occupying any part of the premises subleased to plaintiff Love 85th Street Pharmacy, Inc., and requiring them to remove merchandise and other property from the demised premises, on condition that plaintiff-respondent file separate

undertakings each in the amount of $2500 in favor of defendants Love Lori, Inc. and Putter, is unanimously affirmed, without costs.

On an appeal from the grant of a preliminary injunction, review should be limited to whether there has been an abuse of discretion *(Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). We find no such abuse here. Respondent satisfied the three-pronged test for a preliminary injunction *(see, Koursiaris v Astoria N. Dev.,* 143 AD2d 639). Whatever the parties' present contentions with respect to the actual agreement, the sublease plainly calls for the demised premises to consist of 300 square feet of space. Nor did IAS abuse its discretion in fixing the undertakings. The amounts fixed are rationally related to defendants' potential damages if the preliminary injunction later proves to have been unwarranted *(61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp.,* 173 AD2d 372, 373).

We have reviewed defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ.