■ 7th Sense, Inc., et al., Respondents, v Victor Liu et al., Appellants. [631 NYS2d 835] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered April 14, 1995, which, after a

hearing, *inter alia*, granted the motion by plaintiffs 7th Sense, Inc., Darren Lisiten and Geoffrey McCabe for a preliminary injunction barring defendants, their employees, agents, servants, and assigns from selling, offering for sale, facilitating the sale of, shipping, transferring or otherwise engaging or participating in the sale or the transfer of any and all products made from Fimo clay, including, but not limited to jewelry, candleholders, incense burners and other gift items manufactured by the defendants, and which denied defendants' request to increase the $10,000 undertaking posted by plaintiffs, unanimously affirmed, with costs.

The IAS Court did not improvidently exercise its discretion in determining that the plaintiffs had established their entitlement to a preliminary injunction by demonstrating a likelihood of success on the merits, irreparable injury should the relief sought be denied, and a balancing of the equities in their favor (*see, Grant Co. v Srogi*, 52 NY2d 496, 517).

The court properly granted plaintiffs' application for preliminary injunctive relief enjoining the defendants, including Victor Liu, a shareholder, officer and director of plaintiff 7th Sense, a domestic corporation engaged in the manufacture and sale of Fimo jewelry, and the owner and operator of defendant Globus Gifts, Inc., from unfairly competing with plaintiffs in the sale and manufacture of products utilizing plaintiffs' designs and methods of production.

The right to such relief was clearly warranted in light of competent evidence of active solicitation, conversion, and unfair competition by the defendants (*see, Nassau Soda Fountain Equip. Corp. v Mason*, 118 AD2d 764).

Although New York law, in the absence of express agreement to the contrary or a trade secret, protects the right of a former officer, director or employee to compete freely with his former employer (*see, American Broadcasting Cos. v Wolf*, 52 NY2d 394, 404), the IAS Court nevertheless properly determined that the purported resignation of defendant Victor Liu as an officer and director of corporate plaintiff 7th Sense for personal gain did not relieve him of his fiduciary obligations or liability for his acts of misappropriation. Said defendant was not entitled to directly and unfairly compete with that corporate entity in bad faith for the very purpose of misappropriating the confidential information pertaining to plaintiffs' business obtained during his employment (*Volk Co. v Fleschner Bros.*, 60 NYS2d 244, *mod on other grounds* 273 App Div 994, *affd* 298 NY 717; *Matter of Greenberg*, 206 AD2d 963; *Fender v Prescott*, 64 NY2d 1077, *affg* 101 AD2d 418; *Jonas v Romanat*, 94 NYS2d 727, *affd* 278 App Div 809).

Nor did the IAS Court improvidently exercise its discretion in refusing to increase the amount of the undertaking required of plaintiffs, where, as here, the amount of the bond was based upon careful consideration of the evidence presented at a hearing and plaintiffs' likelihood of success at trial, and where the only evidence proffered by defendants to support the bond increase was their conclusory and unsupported testimony that Victor Liu had sustained a $200,000 loss in sales.

We have reviewed defendants' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.