■ CLOVER STREET ASSOCIATES, Respondent, v ROBERT NILSSON, Appellant. [665 NYS2d 537] —In an action, *inter alia*, to recover damages for breach of a fiduciary duty, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated December 14, 1995, as directed the plaintiff to post an undertaking in the sum of only $30,000 as a condition to the continuation of a preliminary injunction, and (2) an order of

the same court, dated May 10, 1996, as denied that branch of his motion which was, in effect, for reargument.

Ordered that the appeal from the order dated May 10, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 14, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendant's contentions, the court did not improvidently exercise its discretion in fixing the amount of the undertaking at $30,000. The plain language of CPLR 6312 (b) directs the court to fix the undertaking in an amount that will compensate the defendant for damages incurred "by reason of the injunction", in the event it is determined that the plaintiff was not entitled to the injunction (*see, Margolies v Encounter, Inc.*, 42 NY2d 475; *Straisa Realty Corp. v Woodbury Assocs.*, 185 AD2d 96). The fixing of the amount of an undertaking is a matter within the sound discretion of the court (*see, Zonghetti v Jeromack*, 150 AD2d 561). So long as the court has not improvidently exercised its discretion its determination should not be disturbed (*see, Kazdin v Putter*, 177 AD2d 456; *Gambar Enters. v Kelly Servs.*, 69 AD2d 297). Here, the court did not improvidently exercise its discretion when it directed the plaintiff to post an undertaking for $30,000. The amount of the undertaking is rationally related to the amount of the defendant's potential damages flowing from the interruption of his management duties for the plaintiff's real property, in the event that it is determined that the plaintiff was not entitled to the preliminary injunction (*see, Kazdin v Putter, supra; 61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp.*, 173 AD2d 372).

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.