■ G.P.K. RESTAURANT ENTERPRISES, INC., Appellant, v JOHN PARAVALOS et al., Respondents. [675 NYS2d 313] —In an action, *inter alia*, for the return of paid promissory notes, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto, J.), entered November 7, 1997, as, (1) upon, in effect,

granting reargument of the plaintiff's prior motion for a preliminary injunction, adhered to the original determination in an order dated June 30, 1997, staying enforcement only of promissory notes numbered 72, 80, and 110 through 125 on condition that the plaintiff post an undertaking of $500,000, and (2) upon granting the defendants' cross motion for partial summary judgment on its counterclaim for payment of unpaid promissory notes, is in favor of the defendants and against the plaintiff in the principal sum of $482,336.90.

Ordered that the order and judgment is modified by deleting the first decretal paragraph thereof, and substituting therefor a provision that, upon reargument, the provision of the order dated June 30, 1997, setting the amount of the undertaking to be posted by the plaintiff at $500,000 is deleted; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination as to the amount of the undertaking.

The Supreme Court properly granted the defendants summary judgment with respect to 55 unpaid promissory notes. The plaintiff's claim that it tendered full payment of the amount due and owing, prior to the defendants' invocation of the acceleration clause on the debt, is based on conclusory assertions insufficient to defeat a motion for summary judgment (*see, Carroll v Miller*, 213 AD2d 694).

In the order dated June 30, 1997, the court granted a preliminary injunction barring enforcement of 18 additional promissory notes which the plaintiff claims to have paid, and directed the plaintiff to post a $500,000 undertaking. In the order and judgment appealed from, the court, in effect, granted reargument (*see, U-Eat-More Donut Corp. v Tedel Estates*, 237 AD2d 348), but adhered to the original determination. Under the circumstances, a $500,000 undertaking was excessive. We remit the matter to the Supreme Court, Nassau County, for a new determination as to the amount of the undertaking reflective of those damages the defendants may incur if the court determines that the preliminary injunction was erroneously granted (*see, Visual Equities v Sotheby's, Inc.*, 199 AD2d 59). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.