■ BLUEBERRIES GOURMET, INC., Respondent, v ARIS REALTY CORP. et al., Appellants. [680 NYS2d 557] —In an action, *inter alia,* to permanently enjoin the operation of a business in the East Norwich Shopping Center as being in violation of a restrictive covenant in a lease, the defendants separately appeal (1) from an order of the Supreme Court, Nassau County (Davis, J.), entered December 17, 1997, which granted the plaintiff's motion for a preliminary injunction but failed to require the posting of an undertaking, (2) from so much of an order of the same court, dated May 13, 1998, as denied those branches of the defendants' motions which were, in effect, for reargument

of the motion for a preliminary injunction, and (3) from so much of an order of the same court, dated June 26, 1998, as, upon reargument of their applications to require the posting of an undertaking, directed the plaintiff to post an undertaking in the amount of only $112,000.

Ordered that the appeal from the order dated May 13, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order entered December 17, 1997, as failed to require the posting of an undertaking is dismissed, as that portion of the order was superseded by the order dated June 26, 1998, made upon reargument; and it is further,

Ordered that the order entered December 17, 1997, is reversed insofar as reviewed, on the law, the plaintiff's motion for a preliminary injunction is denied, and the preliminary injunction is vacated; and it is further,

Ordered that the order dated June 26, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants, appearing separately and filing separate briefs, are awarded one bill of costs.

In December 1986, the plaintiff entered into an agreement with the defendant Aris Realty Corp. (hereinafter Aris) to lease space in the East Norwich Shopping Center for the operation of a "supermarket grocery store". Under the terms of the agreement, Aris was prohibited from leasing space in the shopping center to any other tenant "engaged in the same or similar business" as the plaintiff. Over 10 years later, in June 1997, Aris entered into an agreement to lease another store in the shopping center to K.I.S. Bagels, Inc. (hereinafter KIS), for the operation of a Bagel Boss franchise. The plaintiff subsequently commenced this action against Aris and KIS for injunctive relief, alleging that the proposed bagel store would carry an extensive line of food products and offer catering services which would directly compete with the plaintiff's own gourmet food services in violation of the restrictive covenant. The Supreme Court granted the plaintiff's motion for a preliminary injunction, and we now reverse.

It is well settled that in order to prevail on a motion for a preliminary injunction, the movant must show, *inter alia,* that it is likely to succeed on the merits of the action (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Emerald Enters. v Chili Plaza Assocs.,* 237 AD2d 912; *Key Drug Co. v Luna Park Realty Assocs.,* 221 AD2d 598, 599). To sustain this burden, the movant

must demonstrate a clear right to relief which is "plain from the undisputed facts" (*Family Affair Haircutters v Detling,* 110 AD2d 745, 747). Where the facts are in sharp dispute, a temporary injunction will not be granted (*see, Jurlique v Austral Biolab Pty.,* 187 AD2d 637; *Sutton, DeLeeuw, Clark & Darcy v Beck,* 155 AD2d 962; *Family Affair Haircutters v Detling, supra*).

Guided by these principles, we find that the plaintiff has failed to establish its likelihood of success on the merits. The record discloses disputed issues of fact regarding the precise language of the restrictive covenant, which was partially handwritten, the nature of the plaintiff's business operation, and the nature of the new tenant's proposed business operation. Furthermore, the restrictive covenant can only be binding against the proposed new tenant, KIS, if it had notice of the covenant when it entered into its lease with Aris (*see, Key Drug Co. v Luna Park Realty Assocs., supra*; *Won's Cards v Samsondale/Haverstraw Equities,* 165 AD2d 157; *Fox v Congel,* 75 AD2d 681). Contrary to the plaintiff's contention, it has failed to submit sufficient evidence to establish such notice.

We find no basis on this record to disturb the amount of the undertaking fixed by the Supreme Court to compensate the defendants for damages incurred "by reason of the injunction" in the event of a final determination that the plaintiff was not entitled to injunctive relief (CPLR 6312 [b]). The fixing of the amount of an undertaking is a matter within the sound discretion of the court, and its determination will not be disturbed absent an improvident exercise of that discretion (*see, Clover St. Assocs. v Nilsson,* 244 AD2d 312). Here, at the time the amount of the undertaking was fixed, it was rationally related to the amount of potential damages the defendants established that they might suffer (*see, Clover St. Assocs. v Nilsson, supra*; *Kadzin v Putter,* 177 AD2d 456). Moreover, the court did not improvidently exercise its discretion in declining to consider the defendants' speculative claims for lost profits in fixing the amount of the undertaking (*see, 7th Sense v Liu,* 220 AD2d 215; *Visual Equities v Sotheby's, Inc.,* 199 AD2d 59).

Our conclusion that the plaintiff has not demonstrated a probability of success at this juncture is not a "final determination" within the meaning of CPLR 6312 (b) which would entitle the defendants to a summary ascertainment of the "damages * * * sustained by reason of the [preliminary] injunction" (*see, Straisa Realty Corp. v Woodbury Assocs.,* 185 AD2d 96). Thus, a determination of whether the defendants are entitled to damages as a result of an improvidently granted preliminary

injunction must await the final disposition of the plaintiff's claim for equitable relief (*see, Straisa Realty Corp. v Woodbury Assocs., supra,* at 99). Since an expeditious resolution of this dispute would best serve the interest of justice, the parties should proceed to trial with all convenient speed. Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.