■ ILIAS LELEKAKIS, Appellant, v STANLEY KAMAMIS et al., Respondents. [755 NYS2d 665] —In an action, inter alia, for specific performance of an option agreement to purchase real property, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 18, 2002, as, upon granting his motion to enjoin the defendants from terminating his occupancy, interfering with his possession, commencing summary proceedings to evict, or otherwise transferring, assigning, or encumbering the subject property pending the determination of the above-entitled action, directed him to file an undertaking pursuant to CPLR 6312 in the sum of $200,000.

Ordered that the order is modified by reducing the amount of the undertaking from the sum of $200,000 to the sum of $108,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The fixing of the amount of an undertaking is a matter within the sound discretion of the court, and will not be disturbed absent an improvident exercise of discretion (*see Blueberries Gourmet v Aris Realty Corp.,* 255 AD2d 348, 350 [1998]; *Clover St. Assoc. v Nilsson,* 244 AD2d 312, 313 [1997]). However, the amount of the undertaking must be rationally related to the amount of the defendant's potential liability if the preliminary injunction later proves to be unwarranted (*see Blueberries Gourmet v Aris Realty Corp., supra* at 350; *Clover St. Assoc. v*

*Nilsson, supra* at 313), and not based upon speculation (*see 7th Sense v Liu*, 220 AD2d 215 [1995]; *Visual Equities v Sotheby's, Inc.*, 199 AD2d 59 [1993]). The amount of the undertaking will be reduced where the amount fixed is found to be excessive (*see G.P.K. Rest. Enters. v Paravalos*, 253 AD2d 450 [1998]; *Zonghetti v Jeromack*, 150 AD2d 561 [1989]).

Here, the Supreme Court improvidently exercised its discretion in fixing the amount of the undertaking at $200,000, as that sum was based upon speculation and not rationally related to the amount of the defendants' potential damages if the preliminary injunction later proves to be unwarranted. Accordingly, the proper amount of the undertaking should be $108,000, which represents the three-year rental value of the premises at the average cost of $3,000 per month. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.