■ ALBERTR UJUETA, Respondent, v EURO-QUEST CORP. et al., Appellants. [814 NYS2d 551]—

In an action, inter alia, for a judgment declaring that a deed executed by the plaintiff is a mortgage and that the underlying loan was usurious, and to enjoin the defendants, inter alia, from evicting the plaintiff from the subject premises, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 31, 2004, as denied that branch of their cross motion which was for summary judgment dismissing the complaint, and set an undertaking in the amount of only $50,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and defendants entered into a transaction by which the deed to the subject premises was transferred from the plaintiff and to the defendants. The plaintiff seeks, inter alia, a judgment declaring that the deed was a mortgage and that the underlying loan was usurious.

When determining whether a transaction constitutes a usurious loan it must be "considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it" (*Lester v Levick*, 50 AD2d 860, 862-863 [1975] [Christ, J., dissenting], *revd on dissenting op* 41 NY2d 940 [1977]; *see Seidel v 18 E. 17th St. Owners*, 79 NY2d 735 [1992]; *Feinberg v Old Vestal Rd. Assoc.*, 157 AD2d 1002 [1990]). Whether a transaction constitutes a "cover for usury" is a question of fact (*Hicki v Choice Capital Corp.*, 264 AD2d 710, 711 [1999]; *Rumbaut v Reinhart*, 216 AD2d 551, 552 [1995]). There is a strong presumption against a finding of usury, and, at trial, the plaintiff will be required to establish

usury by clear and convincing evidence (*cf. Mahler v Bernsley*, 265 AD2d 531 [1999]). However, in order to establish their prima facie entitlement to summary judgment, it was the defendants who were required to demonstrate that, as a matter of law, the transaction between the parties did not constitute a usurious loan. The defendants failed to meet this burden.

We find no basis on this record to disturb the amount of the undertaking fixed by the Supreme Court to compensate the defendants for damages incurred "by reason of the injunction" in the event of a final determination that the plaintiff was not entitled to injunctive relief (*see* CPLR 6312 [b]). The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion (*see Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350-351 [1998]; *Clover St. Assoc. v Nilsson*, 244 AD2d 312, 313 [1997]; *cf. Lelekakis v Kamamis*, 303 AD2d 380 [2003]). Here, at the time the amount of the undertaking was fixed, it was rationally related to the amount of potential damages the defendants established that they might suffer (*see Blueberries Gourmet v Aris Realty Corp.*, *supra; Clover St. Assoc. v Nilsson*, *supra* at 313). The Supreme Court providently exercised its discretion in declining to consider the defendants' speculative claims of potential damages (*see M&A Oasis v MTM Assoc.*, 307 AD2d 872 [2003]; *Blueberries Gourmet v Aris Realty Corp.*, *supra; 7th Sense v Liu*, 220 AD2d 215, 217 [1995]). Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.