■ 1523 REAL ESTATE, INC., Appellant, v EAST ATLANTIC PROPERTIES, LLC, et al., Respondents. [839 NYS2d 111]—In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated October 25, 2006, as granted those branches of the defendants' motion which were to increase the amount of the undertaking posted by the plaintiff to the sum of $1,000,000, and to direct the plaintiff to commence paying rent and real estate taxes pursuant to the lease on November 1, 2006, and, in effect, denied that branch of its cross motion which was to impose sanctions against the defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The fixing of the amount of an undertaking is a matter within the sound discretion of the court, and will not be disturbed absent an improvident exercise of discretion (*see Lelekakis v Kamamis*, 303 AD2d 380 [2003]; *Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]). The amount of the undertaking must not be based upon speculation and must be rationally related to the damages the nonmoving party might suffer if the court later determines that the relief should not have been granted (*see Lelekakis v Kamamis, supra*; *7th Sense v Liu*, 220 AD2d 215, 217 [1995]). The amount of the undertaking will be reduced where the amount fixed is found to be excessive (*see G.P.K. Rest. Enters. v Paravalos*, 253 AD2d 450 [1998]).

Here, the Supreme Court providently exercised its discretion in increasing the amount of the undertaking to the sum of $1,000,000. Further, the Supreme Court providently exercised its discretion in granting those branches of the defendants' motion which were to direct the plaintiff to commence paying rent

and real estate taxes pursuant to the lease on November 1, 2006 (*see Metropolitan Transp. Auth. v 2 Broadway*, 279 AD2d 315 [2001]; *Sportsplex of Middletown v Catskill Regional Off-Track Betting Corp.*, 221 AD2d 428 [1995]; *61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp.*, 173 AD2d 372 [1991]).

Actions should be resolved on the merits wherever possible (*see Zouev v City of New York*, 32 AD3d 850 [2006]), and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion with the court (*see Birch Hill Farm v Reed*, 272 AD2d 282 [2000]). In addition, the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful and contumacious (*see Russo v Tolchin*, 35 AD3d 431, 434 [2006]; *Prappas v Papadatos*, 38 AD3d 371 [2007]). Here, the plaintiff did not clearly demonstrate that any failure by the defendants to comply with discovery or any delay in furnishing the requested discovery was willful and contumacious (*see Pascarelli v City of New York*, 16 AD3d 472, 473 [2005]; *Jenkins v City of New York*, 13 AD3d 342 [2004]; *Selamaj v City of New York*, 257 AD2d 616 [1999]). Accordingly, the Supreme Court providently exercised its discretion by, in effect, denying that branch of the plaintiff's cross motion which was to impose sanctions against the defendants (*see Calle v Robert Champeau, Inc.*, 16 AD3d 535, 536 [2005]). Miller, J.P., Ritter, Santucci and Florio, JJ., concur.