(October 30, 2007)

■ Access Medical Group, P.C., Appellant, v Straus Family Capital Group, LLC, Respondent. [845 NYS2d 380]—

In an action, inter alia, for a judgment declaring that the plaintiff is not in breach of a commercial lease, the plaintiff appeals, as limited by its brief, so much of an order of the Supreme Court, Orange County (Lubell, J.), dated May 26, 2006, as directed it to post an undertaking pursuant to CPLR 6312 in the sum of $3,000,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by reducing the amount of the undertaking from the sum of $3,000,000 to the sum of $1,500,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and will not be disturbed absent an improvident exercise of discretion (*see Lelekakis v Kamamis*, 303 AD2d 380 [2003]; *Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]). The amount of the undertaking, however, must not be based upon speculation and must be rationally related to the damages the nonmoving party might suffer if the court later determines that the relief to which the undertaking relates should not have been granted (*see Lelekakis v Kamamis*, 303 AD2d at 380; *7th Sense v Liu*, 220 AD2d 215, 217 [1995]). The amount of the undertaking will be reduced where the amount fixed is found to be excessive (*see G.P.K. Rest. Enters. v Paravalos*, 253 AD2d 450 [1998]).

Here, the Supreme Court improvidently exercised its discretion in fixing the undertaking in the sum of $3,000,000. The undertaking should have been fixed in the sum of $1,500,000, as that sum was established by the defendant as the potential damages it might suffer if the preliminary injunction later proves to be unwarranted (*see Lelekakis v Kamamis*, 303 AD2d 380 [2003]).

The plaintiff's remaining contention is without merit. Prudenti, P.J., Fisher, Dillon and Carni, JJ., concur.