■ 84-85 GARDENS OWNERS CORP., Respondent, v 84-12 35TH AVENUE APARTMENT CORP., Appellant. [937 NYS2d 107]—

To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 [2011]). The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Rowland v Dushin*, 82 AD3d 738, 739 [2011]).

Here, the plaintiff demonstrated a likelihood of success on the merits on its trespass and private nuisance causes of action (*see Poughkeepsie Gas Co. v Citizens' Gas Co.*, 89 NY 493 [1882]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 624; *61 W. 62 Owners Corp. v CGM EMP LLC*, 77 AD3d 330 [2010],

*mod* 16 NY3d 822 [2011]). The plaintiff also demonstrated the prospect of irreparable injury if the preliminary injunction was withheld (*see Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 624). Furthermore, the balance of the equities tipped in the plaintiff's favor.

Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction and enjoining the defendant and its officers, agents, directors, contractors, and licensees from, among other things, "entering into or utilizing" the subject property during the pendency of the action. Contrary to the defendant's contention, any factual question raised as to the true ownership of the subject property was not, under the circumstances of this case, a sufficient reason to deny the motion for a preliminary injunction (*see S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc.*, 57 AD3d 642 [2008]).

CPLR 6312 (b) directs the court to fix an undertaking in an amount that will compensate the defendant for damages incurred "by reason of the injunction," in the event it is determined that the plaintiff was not entitled to the injunction (CPLR 6312 [b]; *Clover St. Assoc. v Nilsson*, 244 AD2d 312, 313 [1997] [internal quotation marks omitted]). The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion (*see Ujueta v Euro-Quest Corp.*, 29 AD3d 895, 896 [2006]).

Here, the Supreme Court providently exercised its discretion in directing the plaintiff to post an undertaking in the sum of only $25,000, as this amount was rationally related to the amount of potential damages the defendant established that it might sustain (*see id.* at 896; *Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]; *Clover St. Assoc. v Nilsson*, 244 AD2d at 313). Dickerson, J.P., Chambers, Hall and Miller, JJ., concur.