*584 Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about November 7, 2012, which granted plaintiffs’ motion for a preliminary injunction and set an undertaking in the amount of $400,000, unanimously modified, on the law, to the extent of vacating the injunction, and otherwise affirmed, without costs.
In this action for breach of contract between plaintiff hotel manager and defendant hotel owner, plaintiff seeks to maintain the status quo by precluding defendant from interfering with its management of the hotel. The parties’ detailed management agreement places full discretion with plaintiffs to manage virtually every aspect of the hotel. Such an agreement, in which a party has discretion to execute tasks that cannot be objectively measured, is a classic example of a personal services contract that may not be enforced by injunction (see e.g. Wien & Malkin LLP v Helmsley-Spear, Inc., 12 AD3d 65, 71-72 [1st Dept 2004], revd on other grounds 6 NY3d 471 [2006] [property management agreement a personal services contract]; Woolley v Embassy Suites, Inc., 227 Cal App 3d 1520, 1534, 278 Cal Rptr 719, 728-729 [Ct App, 1st Dist 1991]; Restatement [Second] of Contracts § 367).
While it is unnecessary to reach the question, we note that, contrary to defendant’s contention, the agreement is not an agency agreement. Defendant lacks control over plaintiff, the alleged agent, since the agreement provides for plaintiff to have unfettered discretion in managing the hotel’s operations (see Gulf Ins. Co. v Transatlantic Reins. Co., 69 AD3d 71, 96-97 [1st Dept 2009]).
Defendant failed to present evidence that the $400,000 undertaking was not rationally related to its potential damages (Kazdin v Putter, 177 AD2d 456 [1st Dept 1991]. Concur— Gonzalez, RJ., Sweeny, Renwick, Manzanet-Daniels and Román, JJ.