■ OLYMPIC ICE CREAM CO., INC., et al., Appellants, v MARTIN S. SUSSMAN, as Executor of MARINOS D. VOURDERIS, Deceased, Respondent. [54 NYS3d 690]— ·

In an action for a judgment declaring, inter alia, that the defendant was required to comply with the demand of the plaintiff Olympic Ice Cream Co., Inc., that each shareholder contribute $815,003 to its capital account, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Ritholtz, J.), entered January 15, 2016, as fixed the amount of an undertaking pursuant to CPLR 6312 at $2,500,000.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination as to the amount of the undertaking to be posted by the plaintiffs in accordance herewith.

In October 2002, the plaintiffs Michael Barone and Frank Barone entered into a shareholders agreement (hereinafter the agreement) with Marinos D. Vourderis concerning the ownership of the plaintiff Olympic Ice Cream Co., Inc. (hereinafter Olympic). According to the agreement, Vourderis owned 50 shares of Olympic valued at $50,000 per share. The agreement provided that, within one year of Vourderis's death, Vourderis's personal representative would sell Vourderis's shares to Olympic, and that each shareholder and the personal representative of any deceased shareholder would take all necessary steps to enable Olympic to pay for such shares.

Vourderis passed away on July 2, 2013, and the defendant Martin S. Sussman was appointed as the executor of Vourderis's estate (hereinafter the estate). Olympic sent a demand to all shareholders, including one to Sussman, as executor of the estate, that each shareholder had to contribute capital in the sum of $815,003 to enable Olympic to purchase the 50 shares held by the estate, since Olympic did not have sufficient equity to do so without such contributions. Sussman rejected Olympic's demand and stated that it was anticipated that the purchase of the estate's shares would occur prior to July 2, 2014, or else the estate would pursue all remedies available under the agreement, which included the ability to sell the estate's shares to a third party, to sell all of the shares or assets of Olympic to a third party, or to dissolve Olympic.

The plaintiffs commenced this action against Sussman, as executor of the estate, for a judgment declaring, among other things, that Sussman was required to comply with Olympic's demand for a capital contribution from the estate. At the same time, the plaintiffs sought, by order to show cause, to preliminarily enjoin Sussman from, inter alia, selling the estate's shares pending resolution of this action. The Supreme Court

granted the plaintiffs' motion for a preliminary injunction conditioned upon the plaintiffs' filing of an undertaking in the sum of $2,500,000. The plaintiffs appeal from so much of the order as fixed the amount of the undertaking at $2,500,000.

"The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (*Ujueta v Euro-Quest Corp.*, 29 AD3d 895, 896 [2006]; *see S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc.*, 57 AD3d 642, 643 [2008]). "The amount of the undertaking, however, must not be based upon speculation and must be rationally related to the damages the nonmoving party might suffer if the court later determines that the relief to which the undertaking relates should not have been granted" (*Access Med. Group, P.C. v Straus Family Capital Group, LLC*, 44 AD3d 975, 975 [2007]; *see 91-54 Gold Rd., LLC v Cross-Deegan Realty Corp.*, 93 AD3d 649, 650 [2012]; *Ujueta v Euro-Quest Corp.*, 29 AD3d at 896; *Lelekakis v Kamamis*, 303 AD2d 380 [2003]).

Here, the Supreme Court improvidently exercised its discretion in fixing the amount of the undertaking at $2,500,000, the amount equal to the value of the estate's shares as set by the agreement, which was not rationally related to the potential damages the estate might suffer if it is later determined that the preliminary injunction should not have been granted. Since the estate did not submit any evidence as to the amount of damages which it might sustain in that event, and the plaintiffs suggested an amount which was not rationally related to the potential damages the estate might sustain if the preliminary injunction was improvidently granted, we remit the matter to the Supreme Court, Queens County, for a new determination as to the amount of the undertaking reflective of the amount of potential damages to the estate in the event that the preliminary injunction was improvidently granted (*see G.P.K. Rest. Enters. v Paravalos*, 253 AD2d 450, 451 [1998]). Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.