Rojas v Hazzard (2019 NY Slip Op 02572)





Rojas v Hazzard


2019 NY Slip Op 02572


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-12699
 (Index No. 9072/13)

[*1]Sabrina Rojas, appellant, 
v
William Hazzard II, et al., defendants, City of New York, respondent.


Chopra & Nocerino, LLP, Mineola, NY (Alex Nocerino and Sameer Chopra of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Barbara Graves-Poller of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated September 30, 2016. The order, insofar as appealed from, denied the plaintiff's motion pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions for frivolous conduct against the defendant City of New York, and pursuant to CPLR 3126 to preclude that defendant from offering evidence at trial and to strike that defendant's answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The Supreme Court providently exercised its discretion in denying the branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions. The plaintiffs failed to demonstrate that the defendant City of New York (hereinafter the defendant) engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see 22 NYCRR 130- 1.1[c]).
Turning to the branch of the plaintiff's motion which was for the imposition of sanctions pursuant to CPLR 3126, the record contains no clear showing that the defendant willfully or contumaciously disobeyed any of the Supreme Court's discovery orders or acted in bad faith. Accordingly, the court providently exercised its discretion in denying that branch of the plaintiff's motion (see 1523 Real Estate, Inc. v East Atl. Props., LLC, 41 AD3d 567, 568).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court