Karr Graphics Corp. v Spar Knitwear Corp. (2021 NY Slip Op 01250)





Karr Graphics Corp. v Spar Knitwear Corp.


2021 NY Slip Op 01250


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-12756
 (Index No. 711766/16)

[*1]Karr Graphics Corp., respondent,
v
Spar Knitwear Corp., appellant.


Flaster & Willis, P.C., New York, NY (Alan S. Flaster of counsel), for appellant.
Rosenberg & Estis, P.C., New York, NY (Jeffrey Turkel and Brett B. Theis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff validly exercised its option to renew a certain commercial lease, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated September 12, 2018. The order granted the plaintiff's motion for a preliminary injunction, inter alia, enjoining the defendant from taking any action to evict the plaintiff on the ground that the plaintiff did not validly exercise its option to renew the subject lease and that the lease expired on November 30, 2017, and from marketing or leasing the subject premises to a third party, and directed the plaintiff to continue paying monthly use and occupancy in the amount of only $15,462.58 and to maintain a previously posted undertaking in the amount of only $30,000.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to continue paying monthly use and occupancy in the amount of $15,462.58, and substituting therefor a provision directing the plaintiff to pay monthly use and occupancy in the amount of rent and any additional rent due under the subject lease as if validly renewed, and directing the parties to comply with and perform all nonmonetary obligations under the subject lease; as so modified, the order is affirmed, without costs or disbursements.
On December 14, 2007, the plaintiff (hereinafter the tenant), as tenant, and the defendant (hereinafter the landlord), as landlord, entered into a commercial lease (hereinafter the lease) with respect to certain premises known as "the 2nd Floor in the building known as 22-19 41st Avenue in the Borough of Queens, City of New York" (hereinafter the subject premises), for a five-year term commencing on December 1, 2007. The lease included an option to renew for an additional five years.
On April 5, 2012, upon the tenant's exercise of its option to renew, the tenant and the landlord entered into a lease modification and extension agreement with respect to the subject premises (hereinafter the lease modification) pursuant to which, inter alia, the lease was extended for an additional five years, until November 30, 2017. Pursuant to the lease and lease modification, the tenant again had the option to renew the lease for an additional five years.
By "Notice to Renew Lease" dated January 17, 2017, the tenant notified the landlord of the tenant's decision to exercise its option to extend the term of the lease for an additional five-year period commencing on December 1, 2017. By "Notice to Tenant" dated February 15, 2017, the landlord rejected the tenant's notice to renew on the ground that the tenant was in default under the lease. Subsequently, after curing its alleged default, by letter dated August 18, 2017, the tenant again notified the landlord of the tenant's decision to exercise its option to extend the term of the lease for an additional five-year period commencing on December 1, 2017. By letter dated August 23, 2017, the landlord again rejected the tenant's notice to renew, effectively claiming that the tenant's earlier default had permanently voided the lease renewal option.
Thereafter, by summons with notice filed on November 29, 2017, the tenant commenced this action seeking, inter alia, a judgment declaring that it had validly exercised its option to renew the lease, which thus has been extended and expires on November 30, 2022, and is in full force and effect, and enjoining the landlord from taking any action to evict the tenant on the ground that it did not validly exercise its option to renew the lease and that the lease expired on November 30, 2017. In connection with its commencement of this action, the tenant moved by order to show cause for a preliminary injunction, and obtained a temporary restraining order, among other things, enjoining the landlord from taking any action to evict the tenant on the ground that it did not validly exercise its option to renew the lease and that the lease expired on November 30, 2017. The temporary restraining order also enjoined the landlord "from taking any steps or acts whatsoever to market the [subject premises] or enter into a lease or an agreement to lease the [subject premises] to a third-party," and directed the tenant to pay monthly use and occupancy in the amount of $15,462.58 during the pendency of the motion and to post an undertaking in the amount of $30,000. The landlord opposed the tenant's motion for a preliminary injunction.
In a decision dated June 18, 2018, the Supreme Court determined that the tenant established its entitlement to preliminary injunctive relief. The court stated that its granting of a preliminary injunction would be conditioned on the tenant paying rent to the landlord in the amount provided for in the lease/lease modification and also instructed the parties to submit proposed orders and affidavits concerning the appropriate amount for an undertaking. Subsequently, the tenant and the landlord submitted proposed orders and related affidavits to the court.
In an order dated September 12, 2018, the Supreme Court, effectively adopting the tenant's proposed order, granted the tenant's motion for a preliminary injunction, inter alia, enjoining the landlord from taking any action to evict the tenant on the ground that the tenant's exercise of its option to renew the lease was not valid and/or that the lease expired on November 30, 2017, and from marketing or leasing the subject premises to a third party, and directed the tenant to continue paying monthly use and occupancy in the amount of $15,462.58 and to maintain the previously posted undertaking in the amount of $30,000. The landlord appeals.
To be entitled to a preliminary injunction, the tenant was required to demonstrate a likelihood of success on the merits, irreparable injury absent a preliminary injunction, and a balancing of the equities in its favor (see CPLR 6301; Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637). The decision to grant or deny a motion for a preliminary injunction rests in the sound discretion of the motion court, and generally this Court will not disturb such determination absent unusual or compelling circumstances (see Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d at 637).
Here, the tenant demonstrated that it has a likelihood of success on the merits of its claim for a judgment declaring that it validly exercised its option to renew the lease, which thus has been extended and expires on November 30, 2022, and is in full force and effect. Contrary to the landlord's contention, the first sentence of the lease renewal provision, which states that the tenant shall have the option to renew the lease "[p]rovided Tenant is not in default in the performance of its obligations under the terms of this Lease," cannot reasonably be interpreted as providing that the tenant's default under the lease permanently extinguishes its option to renew regardless of whether the tenant cures the default. Rather, interpreting the first sentence of the lease renewal provision according to the plain meaning of the language employed, it provides simply that the tenant may not [*2]exercise its option to renew while in default under the lease (see Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1198). In that regard, assuming that the tenant was, in fact, in default under the lease at the time it served its first notice to renew, and, therefore, that the first notice to renew was not valid, the tenant subsequently cured its default prior to serving its second notice to renew on August 18, 2017. While the lease modification provided that the tenant must give the landlord notice that the tenant is exercising its renewal option "not earlier than 365 days but not later than 300 days prior to November 30, 2017," that option window only applied if the landlord first notified the tenant of its intent to enforce the option window, which the landlord did not do. Further, the tenant demonstrated that it will suffer irreparable injury absent a preliminary injunction (see London Paint & Wallpaper Co., Inc. v Kesselman, 138 AD3d 632, 633; Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 943), and that "[a] balance of the equities likewise favors the granting of preliminary injunctive relief to maintain the status quo pending the resolution of the action" (Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 943; cf. generally Dan's Supreme Supermarkets v Redmont Realty Co., 216 AD2d 512, 513). Accordingly, the Supreme Court providently exercised its discretion in granting the tenant's motion for a preliminary injunction.
Pursuant to CPLR 6312(b), the beneficiary of a preliminary injunction must post an undertaking, the purpose of which is to compensate the enjoined party for damages incurred by reason of the injunction in the event it is determined that the beneficiary was not entitled to the injunction (see Hofstra Univ. v Nassau County, N.Y., 166 AD3d 863, 865). "The fixing of the amount of an undertaking [rests] within the sound discretion of the Supreme Court" (Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874 [internal quotation marks omitted]). As such, absent an improvident exercise of that discretion, the Supreme Court's determination will not be disturbed (see id. at 874). Here, contrary to the landlord's contention, the Supreme Court providently exercised its discretion in refusing to consider the landlord's unsubstantiated and speculative claims of potential damages and in resultantly fixing the amount of the undertaking at only $30,000 (see Ujueta v Euro-Quest Corp., 29 AD3d 895, 896).
However, we agree with the landlord that the Supreme Court improvidently exercised its discretion in directing the tenant to pay monthly use and occupancy during the pendency of this action in the amount of only $15,462.58. Rather, under the circumstances, the court should have directed the tenant to pay monthly use and occupancy in the amount of rent and any additional rent due under the lease as if validly renewed, and also should have directed the parties to comply with and perform all nonmonetary obligations under the lease during the pendency of this action.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court