## JP 48 Mgt. LLC v Gallivant Hotel Holding LLC

2025 NY Slip Op 32283(U)

June 25, 2025

Supreme Court, New York County

Docket Number: Index No. 651695/2025

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**                          PART                **04**

*Justice*

-----------------------------------------------------------------------------X

JP 48 MANAGEMENT LLC,                                   INDEX NO.           651695/2025

                              Plaintiff,                MOTION DATE         03/31/2025,
                                                                            04/24/2025
                       - v -                            MOTION SEQ. NO.     001 002

GALLIVANT HOTEL HOLDING LLC,
                                                        **DECISION + ORDER ON**
                              Defendant.                **MOTION**

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 41, 42, 43

were read on this motion for              PREL INJUNCTION/TEMP REST ORDR        .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 45, 46

were read on this motion for              PREL INJUNCTION/TEMP REST ORDR        .

Motion sequences 001 and 002 are consolidated for disposition and are, upon the foregoing documents, granted.

Defendant Gallivant Hotel Holding LLC owns the building located at 234 West 48th Street, New York, New York (the "Building"). Plaintiff and defendant's predecessor-in-interest executed a ten-year lease (the "Lease") in which plaintiff leased two separate spaces for "dining facilities" on the ground floor of Building (the "Premises") (NYSCEF Doc No. 6, lease). The Lease expires on September 30, 2025, with an option to renew for another five-year term upon notice from plaintiff on or before September 30, 2024 (*id.* at §47.1).

In its complaint, plaintiff alleges that it informed defendant orally in mid-2024 that it would close one of the dining facilities—a "bar lounge"—immediately after January 1, 2025, to convert that space into a coffee shop and that defendant approved this renovation (NYSCEF Doc No. 1,

**651695/2025   JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**                **Page 1 of 8**
**Motion No.  001 002**

1 of 8

complaint at ¶14). Plaintiff further alleges that the bar lounge closed on January 1, 2025, with demolition beginning the next day, and the interior was "completely gutted" as of January 2, 2025 (*id.* at ¶15).

On January 14, 2025, plaintiff received an email from defendant's attorney stating, in relevant part, that:

> We have been advised that you intend to perform certain physical work within the space occupied by you pursuant to the [Lease] … As you are aware, any Alterations that Tenant wishes to perform require Landlord's prior written consent, pursuant to Section 3.1 of the Lease. We have not yet received any request for consent for any proposed Alterations and remind you of that obligation.
>
> Please be aware, as well, that although Landlord is required to be reasonable in connection with the granting of consent to perform Alterations, the Lease expires on September 30, 2025, and such expiration may reasonably be taken into account with respect to any such consent. While Tenant had an option to extend the Lease in accordance with Section 47.1, notice to extend was required to be given to Landlord no later than 12 months prior to the expiration date, i.e., September 30, 2024. As this notice was not timely given to the Landlord, the Lease will accordingly expire on the Expiration Date as provided therein.

(NYSCEF Doc No. 9).

In response, plaintiff sent a letter to defendant, dated January 16, 2025, purporting to renew the Lease (NYSCEF Doc No. 10). Defendant rejected this renewal as untimely by letter dated January 23, 2025 (NYSCEF Doc No. 11).

On or about March 27, 2025, defendant sent plaintiff a "Notice of Material Default Under Lease" (the "Notice of Default") alleging that plaintiff had defaulted under the Lease by, inter alia, proceeding with alterations to the Premises without defendant's prior written consent and approval of the plans for such alterations and by failing to pay the fines incurred for noise violations and directing plaintiff to cure these defaults within thirty days (NYSCEF Doc No. 33, notice of default).

**651695/2025   JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**
**Motion No.  001 002**

**Page 2 of 8**

2 of 8

Plaintiff commenced this action on March 27, 2025, seeking a declaration that its renewal notice was effective and an order enjoining defendant from terminating the Lease, refusing to renew the Lease, or entering into a lease with a new tenant to commence September 30, 2025 (NYSCEF Doc No. 1). On March 31, 2025, plaintiff moved, by order to show cause, for a preliminary injunction for the same injunctive relief sought in its complaint (NYSCEF Doc No. 13). On April 24, 2025, plaintiff filed an amended complaint adding a third cause of action for a *Yellowstone* injunction enjoining defendant from terminating the Lease or otherwise interfering with plaintiff's right of possession based upon the notice of default and tolling and extending plaintiff's time to cure the alleged defaults set forth in that notice (NYSCEF Doc No. 28). Plaintiff simultaneously moved, by order to show cause, for a *Yellowstone* injunction (NYSCEF Doc No. 29).

Defendant opposes both of these motions.

## DISCUSSION

*Preliminary Injunction*

Plaintiff's motions for a preliminary injunction enjoining defendant from refusing to renew the Lease or leasing the Premises to a new tenant is granted. "A party seeking a preliminary injunction must clearly demonstrate (1) the likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the injunction is not issued; and (3) a balance of the equities in the movant's favor" (*U.S. Re Cos., Inc. v Scheerer*, 41 AD3d 152, 154 [1st Dept 2007]).

Plaintiff has established a likelihood of success on the merits. "[A]s a rule, when a contract requires written notice to be given within a specified time, the notice is ineffective unless it is received within that time" (*135 E. 57th St. LLC v Daffy's Inc.*, 91 AD3d 1 [1st Dept 2011] [internal citations omitted]). However, "an exception to the rule may be applied on equitable grounds where

**651695/2025 JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**
**Motion No. 001 002**

**Page 3 of 8**

3 of 8

a forfeiture would result from the tenant's neglect or inadvertence" (*id.*). Specifically, "equity will intervene to relieve a commercial tenant's failure to timely exercise an option to renew a lease where (1) such failure was the result of inadvertence, negligence or honest mistake; (2) the nonrenewal would result in a forfeiture by the tenant; and (3) the landlord would not be prejudiced by the tenant's failure to send, or its delay in sending, the renewal notice" (*Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 19 NY3d 223, 225 [2012] [internal citations and quotations omitted]).

Plaintiff has submitted evidence that its failure to timely renew the Lease was inadvertent through the affidavit of Jay Zhao, plaintiff's business manager, attesting that plaintiff at all times intended to renew the Lease and believed it had conveyed this intent to defendant by indicating, in mid-2024, that it intended to convert the bar lounge to a high end coffee bar at the start of 2025 (*see Laundry Mgt.-N. 3rd St., Inc. v BFN Realty Assoc., LLC*, 179 AD3d 776, 779 [2d Dept 2020] ["mistaken belief that oral notice was sufficient established that LM's failure to exercise the option to renew within the time and in the manner provided in the lease was the result of inadvertence, negligence, or honest mistake"]). In addition, Zhao's representation that plaintiff spent more than $175,000.00 to gut renovate the bar lounge alleges substantial improvements to the Premises such that a forfeiture may result should it be unable to renew the Lease (*see 205-215 Lexington Ave. Assoc. LLC v 201-203 Lexington Ave. Corp.*, 2018 NY Slip Op 30369[U], 5-6 [Sup Ct, NY County 2018]). Defendant's assertion that these expenditures were made only after plaintiff's renewal notice was rejected presents a factual dispute that does not, under the circumstances, preclude an injunction (*see Four Times Sq. Assoc., L.L.C. v Cigna Investments, Inc.*, 306 AD2d 4, 5 [1st Dept 2003] ["a likelihood of success on the merits may be sufficiently established even where the facts are in dispute and the evidence is inconclusive"]). Finally, there is no evidence in the record that

**651695/2025  JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**
**Motion No.  001 002**

**Page 4 of 8**

4 of 8

defendant was prejudiced by the delay in plaintiff's renewal. Defendant's representation that it was negotiating a new lease with an unnamed prospective tenant during this period is insufficient—as the prospective tenant had, according to defendant, only "expressed interest in entering into a letter of intent to lease the space," the prejudice asserted by defendant is speculative (*cf. Dan's Supreme Supermarkets, Inc. v Redmont Realty Co.*, 216 AD2d 512, 513 [2d Dept 1995] [preliminary injunction barring re-letting of premises prejudiced defendant landlord in its "inability to consummate a valuable lease because of the unavailability of the premises" where "[prospective tenant's] internal approval processes had been completed, and … the execution of a new lease agreement was imminent"]).

Plaintiff has also established that it may suffer irreparable injury in the loss of its commercial leasehold before the enforceability of its rights is determined and that the balance of the equities weight in its favor, as it faces eviction while "the only possible harm to [Landlord], if [it] prevail[s] in the action, is a delay in receiving a market rate rent for the commercial space, which can be mitigated by an appropriate undertaking" (*London Paint & Wallpaper Co., Inc. v Kesselman*, 138 AD3d 632, 633 [1st Dept 2016]). Accordingly, plaintiff's motion for a preliminary injunction is granted conditioned upon plaintiff posting an undertaking.

In determining the amount of this undertaking, the Court does not credit defendant's conclusory assertion that the undertaking should be equivalent to a year's worth of rent at the renewal rate under the Lease—i.e., $198,450.00—nor plaintiff's request that the Court direct it to continue paying rent in lieu of an undertaking. Instead, the Court sets the undertaking at $50,000.00 (*see Karr Graphics Corp. v Spar Knitwear Corp.*, 192 AD3d 673, 676 [2d Dept 2021] ["Supreme Court providently exercised its discretion in refusing to consider the landlord's unsubstantiated and speculative claims of potential damages and in resultantly fixing the amount of the undertaking

**651695/2025  JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**
**Motion No. 001 002**

**Page 5 of 8**

5 of 8

at only $30,000"]), without prejudice to defendant moving to increase the amount of the undertaking (*see* CPLR 2508).

*Yellowstone Injunction*

Plaintiff's motion for a Yellowstone injunction enjoining defendant from terminating the Lease based on the defaults set out in the Notice of Default and tolling plaintiff's time to cure these defaults is also granted.

"The party seeking *Yellowstone* relief must demonstrate the following four elements: (1) It holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (*Wharton-Bickley v 388 Broadway Owners LLC,* — NYS3d —, 2025 NY Slip Op 00802, at *3 [1st Dept 2025] [internal citations and quotations omitted]). Plaintiff has satisfied these elements. It is undisputed that plaintiff holds a commercial lease, that it received a notice of default from defendant, that it moved for injunctive relief prior to the termination of the Lease, and that it has represented that it is able and willing to cure the alleged defaults, to the extent they exist (*see 146 Broadway Assoc., LLC v Bridgeview at Broadway, LLC*, 164 AD3d 1193, 1194-95 [2d Dept 2018] ["plaintiff demonstrates that it has the desire and ability to cure its alleged default by indicating in its motion papers that it is willing to repair any defective condition found by the court and by providing proof of the substantial effort it has already made in addressing the default listed on the notice to cure"]).

While defendant, in opposition, takes issue with plaintiff's denial of certain of the violations set out in the Notice of Default, this is of no moment—"it is the very purpose of a *Yellowstone* injunction to afford the tenant an opportunity to contest the alleged violation in the

**651695/2025  JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**
**Motion No.  001 002**

**Page 6 of 8**

6 of 8

notice to cure while preserving the tenant's right to cure in the event that the tenant is wrong and a violation is found to exist" (*51 Park Place LH, LLC v Consol. Edison Co. of New York*, 34 Misc 3d 590, 593 [Sup Ct, NY County 2011]).

Accordingly, it is

**ORDERED** that plaintiff's motion for a preliminary injunction is granted; and it is further

**ORDERED** that plaintiff's motion for a *Yellowstone* injunction is granted; and it is further

**ORDERED** that plaintiff shall post an undertaking in the amount of $50,000.00 on or before June 27, 2025; and it is further

**ORDERED** that upon plaintiff's posting of the undertaking, defendant is preliminarily enjoined from: (1) terminating or refusing to renew the Lease based on plaintiff's untimely or entering into a lease with a new tenant to commence September 30, 2025: or (2) terminating or cancelling the plaintiff's Lease or taking any action to evict the plaintiff from the Premises based upon any of the grounds alleged in the Notice of Default; and it is further

**ORDERED** that plaintiff's time to cure the alleged defaults set out in the Notice of Default is tolled; and it is further

**ORDERED** that plaintiff shall serve a copy of this decision and order, with notice of entry, upon defendants as well as the Clerk of the Court; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the

**651695/2025   JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**
**Motion No.  001 002**

**Page 7 of 8**

7 of 8

"EFiling" page on this court's website).

This constitutes the decision and order of the court.

__6/25/2025__
**DATE**

HON. JUDY H. KIM, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651695/2025   JP 48 MANAGEMENT LLC vs. GALLIVANT HOTEL HOLDING LLC**
**Motion No.  001 002**

Page 8 of 8

[* 8]