■ GISELHER UNGEWITTER, Appellant, v. BRUCE F. TOOH et al., Respondents.—*Per Curiam.* Appeal from a judgment of the Supreme Court, Cortland County, awarding appellant the amount of $36,842.47 as damages for respondents' fraudulent misrepresentation and from an order of the same court denying appellant's motion to set aside its determination refusing to direct rescission. It is not here disputed that the respondents fraudulently misrepresented the condition of the farm and related property they sold to appellant for $90,000. Appellant initially asserts that since he requested rescission as his relief, the trial court erred in refusing to grant him the same and instead awarded him

damages. The trial court in refusing to grant rescission stated: "It would require further lengthy litigation, and would be impractical, to grant Plaintiff rescission and to adjust the equities and accounts between Plaintiff and Defendant from August 29, 1959 [the date appellant took title] to date [January 5, 1967]." Clearly under the CPLR the choice of available relief lies with the sound judgment and discretion of the trial court (CPLR 3017 and revision notes thereto; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3017.06). Moreover, it is well established that damages may be granted in lieu of equitable relief "where the granting of equitable relief appears to be impossible or *impracticable*" (emphasis added) (*Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439, 443; *Valentine* v. *Richardt*, 126 N. Y. 272; *Calhoun* v. *Millard*, 121 N. Y. 69). Here admittedly the farm in 1967 was not the same farm as it was in 1959, and thus any attempt at effecting rescission, even if possible, would be extremely difficult and involved. Accordingly, we see no basis to disturb the trial court's denial of that relief. Appellant next asserts that if rescission is not available the amount of damages awarded were inadequate. The trial court found that the value of the farm and attendant property as of the date of sale was $65,000 and thus that damages were the $25,000 difference between such value and the contract price of $90,000. Appellant does not dispute these figures but urges that in addition he is entitled to damages for loss of expected "labor income" which he failed to realize because of the condition of the property involved. We cannot agree. The measure of damages for fraud is "indemnity for the actual pecuniary loss sustained as the direct result of the wrong". (*Reno* v. *Bull*, 226 N. Y. 546, 553.) In cases such as the instant one lost profit or expected profit are not properly considered as elements of damage (*Sager* v. *Friedman*, 270 N. Y. 472, 481; *Foster* v. *Di Paolo*, 236 N. Y. 132, 134) especially since to permit a recovery here for both pecuniary loss and loss of profit would provide in effect a double recovery. Finally, it is urged by appellant that the trial court's allowance of $1,250, pursuant to CPLR 8303 (subd. [a], par. 2), should be increased to the maximum $3,000. We agree. Judgment modified, on the law and the facts, so as to increase the additional allowance to $3,000, and, as so modified, affirmed; and order affirmed; with costs to appellant. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam*.