■ ELAINE WEITZEN, on Behalf of Herself and Others Similarly Situated, Respondent, v 130 EAST 65TH STREET SPONSOR CORP., Appellant. — Order, Supreme Court, New York County (Price, J.), entered August 13, 1981, which granted plaintiff's motion for preliminary injunctive relief prohibiting demolition of premises known as 130 East 65th Street, New York, New York, and construction of a 17-story building on the site and directed that plaintiff file an undertaking in the sum of $20,000, unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of increasing the undertaking to $150,000 and, as so modified, affirmed, without costs and disbursements. Defendant 130 East 65th Street Sponsor Corp. is the owner of premises known as 130 East 65th Street in Manhattan improved by a "four-story plus basement brownstone." Plaintiff is the owner of property immediately adjacent to those premises. Defendant is endeavoring to demolish the entirety of the existing four-story townhouse above the first story under an alteration permit issued by the department of buildings in November, 1980, and renewal in January, 1981, and to erect in its place a 17-story building under a new building permit issued in February, 1981. Under the Administrative Code, it is clear that defendants are engaged in demolition — "[t]he dismantling or razing of all or part of a *building*" rather than an alteration which envisions only an *"addition,* or change or modification of a *building".* (Administrative Code of City of New York, § C26-201.) In seeking to effect demolition under an alteration permit rather than the appropriate demolition permit, defendant has avoided the more stringent requirements relating to an application for a demolition permit, as for example, the requirement that "No demolition * * * permit shall be issued unless and until at least 5 days prior written notice of the permit application shall have been given by the applicant to the owners of all adjoining lots, buildings and service facilities which may be affected by the proposed demolition * * * work". (Administrative Code, § C26-113.3.) Defendant's contention that preliminary injunctive relief may not issue because plaintiff failed to exhaust administrative remedies by seeking a review of the permits issued by the department of buildings before the board of standards and appeals is without merit as such remedy would not provide under the circumstances herein adequate and complete relief. (See *Lesron Jr., Inc. v Feinberg,* 13 AD2d 90.) However, it is clear that the amount of the undertaking fixed by Special Term is inadequate on this record and we have determined that the plaintiff's undertaking should be increased to $150,000. Concur — Ross, J. P., Lupiano, Silverman, Bloom and Lynch, JJ.