■ TRANS WORLD MAINTENANCE SERVICES, INC., Respondent, v DONALD B. DEDIC et al., Appellants. (Action No. 1.) TRANS WORLD MAINTENANCE SERVICES, INC., Respondent, v JOSEPHINE SPENCER et al., Appellants. (Action No. 2.) TRANS WORLD MAINTENANCE SERVICES, INC., Respondent, v BARBARA SEGAL et al., Appellants. (Action No. 3.) — Orders of the Supreme Court, New York County (Seymour Schwartz, J.), entered April 13, 1984, which, *inter alia,* denied motions by plaintiff and cross motions by defendants to renew their respective prior motions for summary judgment which had been denied; adjudged defendants to be in contempt of the prior orders of the court (Hilda Schwartz, J.), dated July 23, 1982, and fined them in the total sum of $79,550, are unanimously modified, on the law and on the facts and in the exercise of discretion, to grant renewal and, upon renewal, to strike therefrom those decretal paragraphs adjudging defendants to be guilty of contempt and finding them as aforesaid and to direct that the funds paid by the defendants to the clerk of the Supreme Court, New York County, as and for rent arrears and/or use and occupancy, pursuant to the prior orders of this court, be paid over to the plaintiff, without prejudice to such upward or downward adjustment of said rent or use and occupancy, if any, as may be made in an appropriate proceeding before a court or an administrative tribunal and without prejudice to any appropriate further proceeding regarding future rent or use and occupancy, and are otherwise affirmed, without costs or disbursements.

In the posture of this case as it was presented on the renewal motions, it was improvident of Special Term to adjudicate the defendants in contempt of the July, 1982 orders. Both those orders, and the determinations of Mr. Justice Greenfield on which no orders were ever settled, but which denied prior motions for summary judgment and an adjudication of contempt and directed that the matter be referred to the Loft Board, referred to the corresponding obligation of the defendants to pay accrued and accruing rent and use and occupancy and that of the plaintiffs to render essential services. Those references were in terms which might reasonably lead to the belief that the obligations are interdependent, and therefore that because of the plaintiffs' alleged failure to furnish essential services, the defendants were justified in withholding the sums they were directed

to pay. And although, historically, the obligations are not interdependent and the defendants were not authorized to withhold the payments by the terms of the prior orders which directed the provision of services and the payment of past-due and future rent in separate decretal paragraphs, the modern trend of our courts and our Legislature is to view the obligations as interdependent. (See *Park West Mgt. Corp. v Mitchell,* 47 NY2d 316; *Corris v 129 Front Co.,* 85 AD2d 176; Real Property Law, § 235-b, L 1975, ch 597, as amd.)

Indeed, as we have previously said in *Corris v 129 Front Co.* (85 AD2d 176, 178, *supra*), "a landlord and a tenant have reciprocal obligations, the landlord to furnish space and services, the tenant to pay rent".

We note that an application for interim multiple dwelling registration has been filed by the plaintiff with the Loft Board. From all that appears, however, there has been no determination by that tribunal as to whether the premises are subject to the provisions of the 1982 Loft Law (Multiple Dwelling Law, art 7-C). Thus our determination here is without prejudice to such further proceedings as may be had before that or any other appropriate tribunal in respect to the issues of coverage of these premises by the Loft Law or of such upward or downward modification of the rent reserved in the lease or use and occupancy as may be proper because of the alleged failure to provide essential services.

However, recognizing again, as we did in *Corris,* that "it is economically impossible for landlords to continue to render such services indefinitely without receiving rent" (*supra,* at p 178), we direct that those sums deposited with the clerk of the court by the defendants as rent and/or use and occupancy be paid over to the plaintiff, without prejudice. Settle order directing such payment. Concur — Sullivan, J. P., Asch, Silverman, Bloom and Alexander, JJ.