■ ROBERT CALVERT, Respondent, v LE TAM REALTY CORP. et al., Appellants.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered September 10, 1985, which, *inter alia,* denied defendants' motion to punish plaintiff for contempt and for related relief, unanimously modified, on the law and on the facts and in the exercise of discretion, to grant defendants' motion to the extent of directing the entry of judgment in favor of the cooperative corporation against plaintiff in the sum of $11,020 plus an amount to cover current arrears in use and occupancy payments, upon proof of same by affidavit, and authorizing the entry of a judgment of possession upon 10 days' notice to plaintiff and proof of default should he fail to pay said money judgment within 30 days after service of a copy thereof with notice of entry or thereafter default in the payment of monthly use and occupancy; to permit amendment of the answer, which is deemed served in the form annexed, with plaintiff's reply, if any, to be served within 20 days of service upon him or his attorney of a copy of this court's order with notice of entry; to vacate the provision authorizing severance and return of the holdover proceeding to Civil Court if use and occupancy was not paid by a day certain; and, except as thus modified, affirmed, with costs and disbursements to defendants.

Plaintiff has been a tenant of apartment 6G-70 at 159-00 Riverside Drive West since June 1983 when he signed a subscription agreement to purchase the shares of stock allocated to said apartment and a one-year lease expiring May 30, 1984. In February 1984, the cooperative corporation, a defendant herein, commenced a holdover proceeding against plaintiff in Civil Court, based on his failure, beginning in September 1983, to pay rent and his default under the subscription agreement. Several weeks later, plaintiff commenced this action for a judicial declaration that he is entitled to purchase the shares allocated to the apartment and to receive a proprietary lease. He also alleges that he is entitled to receive financing toward the purchase of these shares from the defendant sponsor, Le Tam, pursuant to an oral agreement with its vice-president, or, alternatively, to rescission of the subscription agreement and reformation of the interim lease so that

his tenancy would fall within the protection of the rent stabilization laws. Plaintiff promptly moved for and was granted both removal of the summary proceeding and consolidation of that proceeding with this action as well as a preliminary injunction enjoining his eviction for failure to purchase the shares allocated to the apartment in accordance with the terms of the subscription agreement. Special Term also ordered plaintiff to pay $525 monthly for use and occupancy "pending final disposition on the merits." Despite personal service of Special Term's order on March 5, 1985 and letters to his attorney, plaintiff has failed to make any use and occupancy payments to the cooperative corporation. Defendants thereafter moved to punish plaintiff for civil contempt; to obtain judgment in the sum of $11,020 (21 months at $525 per month) and an order permitting the entry of a judgment of eviction if said sum or any future monthly use or occupancy obligation was not paid; and for leave to amend their answer to assert a counterclaim for ejectment and arrears in use and occupancy. While plaintiff argued against a finding of contempt, he did not deny the sworn allegations of default in the payment of use and occupancy. Nor did he oppose amendment of the answer, entry of a money judgment or a direction for the entry of a judgment of ejectment if he did not pay the amount due. Notwithstanding this lack of opposition, Special Term denied defendants' motion in toto with the proviso that if the use and occupancy arrears were not paid defendants could settle a further order providing for severance of the summary proceeding and return to the Civil Court.

We affirm Trial Term's determination that the remedy of contempt is unavailable. In the circumstances presented, the direction to plaintiff to pay $525 per month for use and occupancy constituted a "money judgment" (see, CPLR 105 [q]), which, pursuant to CPLR 5201, is enforceable through execution and not contempt [CPLR 5104, 5105]). Having resolved that issue, not on the merits, but on the technicality that contempt did not lie, Trial Term then proceeded virtually to ignore plaintiff's admitted default in paying use and occupancy, failing to provide defendants with any relief whatever, other than the opportunity, after a one-year consolidation, to return the summary proceeding to Civil Court. Only plaintiff could gain from the exercise of such option. The defendant cooperative corporation is entitled to a judgment in the sum of $11,020 plus any additional arrears for use and occupancy and we so direct. The proposed amendment to the answer was unopposed and, in any event, should have been granted since

leave to amend should be freely given. (CPLR 3025 [b].) The remedy of returning the summary proceeding to the Civil Court was never sought and only punishes defendants for the dilatory tactics of plaintiff, who sought its removal from Civil Court. Moreover, the same common questions of law and fact that warranted consolidation still obtain. Should plaintiff fail to pay the judgment for use and occupancy to be entered herein within 30 days after service of a copy of the judgment with notice of entry, or thereafter default in the payment of monthly use and occupancy, the cooperative corporation may apply, upon due notice to plaintiff and proof of default, for an order of repossession, pursuant to RPAPL article 6 or 7. Unless said corporation is afforded such opportunity plaintiff could remain in the apartment rent free indefinitely while ignoring, with impunity, the court's mandate.

We modify accordingly. Concur—Sullivan, J. P., Fein, Lynch, Milonas and Kassal, JJ.