■ 4504 NEW UTRECHT AVENUE CORP. et al., Respondents, v PITA PARLOR, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for trespass and conversion, the defendants appeal from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated January 13, 1987, as granted that branch of the plaintiffs' motion which was to adjudge them in contempt of court for the willful failure to comply with prior orders of the same court which had directed them to pay the plaintiffs for use and occupancy of the subject

premises while the action was pending. The appeal brings up for review so much of an order of the same court, dated May 4, 1987 as, upon reargument, adhered to the original determination with respect to contempt citation (CPLR 5517 [b]).

Ordered that Justice Weinstein has been substituted for former Justice Niehoff *(see,* 22 NYCRR 670.2 [c]); and it is further,

Ordered that the appeal from the order dated January 13, 1987, is dismissed, as that order was superseded by the order dated May 4, 1987, made upon reargument; and it is further,

Ordered that the order dated May 4, 1987, is modified by deleting the provision thereof which, upon reargument, adhered to the original determination granting that branch of the plaintiffs' motion which was to find the defendants in civil contempt and substituting therefor a provision modifying the order dated January 13, 1987, by denying that branch of the motion and directing a hearing on the amount of use and occupancy arrears; as so modified, the order dated May 4, 1987, is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the amount of use and occupancy arrears; and it is further,

Ordered that the appellants are awarded one bill of costs.

The defendants were directed by the court on four separate occasions to pay to the plaintiffs the monthly rent provided for in the lease while this action was pending. The defendants do not dispute the plaintiffs' contention that such payments ceased in April 1986. While we do not condone the defendants' failure to comply with the orders, we nevertheless find that the court improperly invoked the remedy of civil contempt.

Judiciary Law § 753 (A) (3) permits a court to punish a party for civil contempt "for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution can not be awarded for the collection of such sum". This is not a case where, by law, execution cannot be awarded. Therefore, the remedy of contempt is unavailable.

The plaintiffs were entitled, however, to the alternative relief requested in their motion, which was for a judgment for the use and occupancy arrears. The matter should be remitted for a hearing to determine the amount of the arrears and for entry of a judgment *(see, Calvert v Le Tam Realty Corp.,* 118 AD2d 426). That judgment shall be without prejudice to any claim for damages the defendants may wish to interpose based on the plaintiffs' alleged failure to provide essential services to

the premises *(see, e.g., Trans World Maintenance Servs. v Dedic,* 105 AD2d 609). Mangano, J. P., Bracken, Brown and Weinstein, JJ., concur.