■ BARBARA COOK, Appellant, v ARTHUR CANTOR, Respondent.—Judgment, Supreme Court, New York County (Wilmer J. Patlow, J.), entered September 27, 1989, which, after jury trial, awarded plaintiff judgment on her second cause of action pleading quantum meruit and dismissed the causes of action pleading breach of contract and violation of the New York Civil Rights Law, unanimously affirmed, with costs.

Plaintiff, a concert vocalist, gave a performance on September 14, 1980 at Carnegie Hall which was recorded. Tapes thereof were delivered to defendant producer for the purpose of releasing commercial recordings. In the same month, defendant entered into an agreement with a record company to manufacture and sell phonograph records and cassette tapes of the concert performance in return for an advance to him against royalty payments of $1 per unit. Only thereafter did the defendant meet with plaintiff to discuss the question of plaintiff's compensation. The terms agreed to at this meeting are disputed; the parties did not execute any written agreement on the subject. In June 1986, defendant once against entered into an agreement with the record company, this time to issue the concert recording in the format of a compact disc (CD), in return for an additional advance to him against an increased royalty payment of $1.10 per unit. The compact disc was released with four songs not previously included in the phonograph-cassette tape format.

Plaintiff brought this action in January 1987 asserting causes of action for breach of oral contract, quantum meruit, and violation of Civil Rights Law §§ 50 and 51, and seeking monetary damages, an injunction against defendant's future use of plaintiff's concert performance and/or her name, por-

trait and picture in connection with the sale of the album, and rescission of any rights defendant might have with respect to the album. By order dated January 11, 1989, the first cause of action as well as that part of the third cause of action pertaining to use of plaintiff's name and picture in connection with the initial release of the phonograph-cassette tape were dismissed. Trial of the action was limited to the quantum meruit cause of action and that part of the Civil Rights Law cause of action pertaining to use of plaintiff's name and picture in connection with the 1986 release of the compact disc. By jury verdict, plaintiff was awarded $6,615.93 compensatory damages. The trial court dismissed the balance of plaintiff's Civil Rights Law cause of action and denied plaintiff's request for equitable relief.

We see no basis to disturb the dismissal of the portion of the Civil Rights Law cause of action pertaining to use of plaintiff's name and picture in connection with the 1986 issuance of the compact disc. Under an informal arrangement, defendant was licensed to pursue the issuance of commercial recordings of plaintiff's live concert. On this record, there is no basis to conclude that that license did not include commercial recording in the CD format or was restricted to the 10 songs contained in the initial phonograph-tape cassette release. Civil Rights Law § 51 provides, "nothing contained in this article shall be so construed as to prevent any person * * * from using the name, portrait or picture of any * * * artist in connection with his literary, musical, or artistic productions which he has sold or disposed of with such name, portrait or picture used in connection therewith." Upon obtaining the license to arrange the issuance of commercial recordings of plaintiff's live concert, defendant was entitled to use plaintiff's name and picture in connection with those recordings *(Yameta Co. v Capitol Records,* 279 F Supp 582, 585, *revd on other grounds* 393 F2d 91). Given that plaintiff did not oppose the dismissal of the breach of oral contract cause of action, there is no remaining basis upon which her request for equitable relief could be granted and, in any event, we find no abuse of discretion by the trial court in the denial of rescission *(see, Ungewitter v Toch,* 31 AD2d 583, *affd* 26 NY2d 687). Concur— Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.