■ 61 WEST 62ND OWNERS CORP., Respondent, v HARKNESS APARTMENT OWNERS CORP. et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered May 25, 1990 ("Order-1") which, *inter alia,* granted defendants a *Yellowstone* injunction conditioned on the posting of an undertaking in the amount of $500,000 and payment of "use and occupancy" *pendente lite;* and order of the same Court, entered November 2, 1990 ("Order-2") which, *inter alia,* directed entry of a judgment in favor of plaintiff against defendant Harklease Corp. in the sum of $520,182.64, unanimously affirmed, with costs.

This case arises out of a dispute over leasehold obligations under a Master Lease entered into on December 17, 1985 for the commercial portion of premises located at 61 West 62nd Street in Manhattan. Plaintiff-landlord sought, *inter alia,* a declaration modifying and reforming certain obligations under the Master Lease, particularly with respect to maintenance of the building's atrium, which it contends is defendant-tenant's responsibility as commercial lessee. Defendants sought, and were granted a *Yellowstone* injunction to prevent termination of the Master Lease pending determination of defendants' affirmative defenses and counterclaims, on condition that defendant-tenant post an undertaking in the amount of $500,000 and pay outstanding and prospective use and occupancy. Defendant did not post the undertaking, contending that it was twice the amount sought for past due rent, and moved to reargue and renew, and for partial summary judgment. Plaintiff cross-moved for entry of a money judgment for outstanding use and occupancy and vacatur of the *Yellowstone* injunction. The court denied the motion to reargue and renew in its entirety and granted plaintiff's motion for a monetary judgment in its favor.

Initially, we observe that the Notice of Default was not improperly served, as the Master Lease does not prescribe any particular method of notification. Nor did the court err in granting judgment, for "use and occupancy" *(see, MMB Assocs. v Dayan,* 169 AD2d 422), or in conditioning the issuance of the *Yellowstone* injunction upon future payment of "use and occupancy" *(Calvert v Le Tam Realty Corp.,* 118 AD2d 426).

The court did not err in calculating the amount of the

judgment, less an offsetting credit in the amount of a promissory note to defendants, pending proof at a later date of the full amounts owed. The amount of the undertaking was not excessive, but was rationally related to the quantum of damages which plaintiff would sustain in the event that defendant is later determined not to have been entitled to the injunction (CPLR 6212 [b]; *Margolies v Encounter, Inc.*, 42 NY2d 475; *Weitzen v 130 E. 65th St. Sponsor Corp.*, 86 AD2d 511). The court also properly refused to grant summary judgment dismissing the various causes of action, finding the existence of issues of fact. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.