■ HAROLD K. WIEBUSCH, Respondent, v RALPH J. HAYES, Appellant, et al., Defendant. [693 NYS2d 120] —Order and judgment (one paper), Supreme Court, New York County (Carol Arber, J.), entered as an order on July 22, 1998, and as a judgment on July 24, 1998, which directed that defendant be arrested and imprisoned for contempt until he pays plaintiff restitution damages, interest, costs, and certain fines, or until the expiration of six months from the date of commitment, whichever shall occur first, unanimously modified, on the law, to the extent that the order and judgment is vacated insofar as it is based on defendant's failure to pay damages and costs awarded against him in this action and interest thereon, and otherwise affirmed, without costs. Order, same court and Justice, entered July 22, 1998, which denied defendant's motion for renewal of, pursuant to CPLR 2221 (a), or relief from, pursuant to CPLR 5015 (a), the final order of contempt of the same court and Justice, entered November 13, 1996, holding defendant in civil contempt for failing to pay plaintiff restitution damages, interest and costs pursuant to the court's judgment, entered May 17, 1995, ordering defendant to pay certain fines as punishment for such contempt, and ordering defendant to make all such payments within 30 days after service of such order, and the judgment of the same court and Justice, entered November 14, 1996, superseding the substantive portions of the judgment

entered May 17, 1995, which, after a nonjury trial with an advisory jury, awarded plaintiff recovery against defendant of damages in the amount of $113,989, with interest from May 29, 1994, and costs in the sum of $700, unanimously modified, on the law and the facts, to the extent of vacating the November 1996 and the May 1995 judgments, except insofar as the latter awards costs against defendant, remanding the action to Supreme Court for fashioning of a remedy that will avoid unjust enrichment, and vacating the final order of contempt to the extent it is based on defendant's failure to pay damages and costs awarded against him by judgments in this action and interest thereon, and otherwise affirmed, without costs.

This matter arose as a result of plaintiff's efforts to enforce a judgment, entered May 17, 1995, which, *inter alia,* rescinded the sale of defendant's accounting practice to plaintiff, directed payment of restitution damages to plaintiff in the amount of $113,989 with interest from May 29, 1994, awarded $700 costs to plaintiff enforceable by execution, and gave the parties until June 7, 1995 to complete their respective obligations thereunder. The judgment was rendered after trial wherein an advisory jury returned a verdict for plaintiff on his rescission claim. Essentially, the proof at trial was that the value of the practice at the time of the sale was materially misrepresented by defendant.

The trial court subsequently erred in rendering the order and judgment of commitment, entered as an order and a judgment on July 22 and 24, 1998, respectively, and in issuing the order, entered July 22, 1998, denying defendant's motion for renewal or relief from the final order of contempt, which had been entered November 13, 1996, and from the November 14, 1996 judgment, which superseded the May 1995 judgment, except as to the award of costs, and granted plaintiff execution on the damages award. With reference to the order and judgment of commitment, the trial court was not empowered to issue the order of commitment here insofar as it purported to punish defendant for his failure to pay restitution damages, the $700 award of costs, and interest thereon. Defendant's liability in this regard had been determined by the May 1995 judgment and the superseding November 1996 judgment, both enforceable by execution pursuant to CPLR article 52. Judiciary Law § 753 (A) (3) generally forbids the use of the court's civil contempt powers to enforce such judgments (*see, 4504 New Utrecht Ave. Corp. v Pita Parlor,* 143 AD2d 171, 172; *Calvert v Le Tam Realty Corp.,* 118 AD2d 426, 427), and none of

the exceptions to the general rule are applicable here (*see*, CPLR 5104). However, insofar as the order of commitment seeks to enforce the fines imposed by the contempt order, entered November 13, 1996, it should remain in effect, since such fines were not incorporated into any judgment enforceable by execution proceedings. This is true notwithstanding the fact that we vacate, *infra*, the award of restitution damages which the fines were intended to enforce; at such time as the fines were imposed, the damages award was a duly-issued, outstanding mandate of the court with which defendant had failed to comply.

In our view, the November 1996 judgment, which supersedes the May 1995 judgment with the exception of the latter's award of $700 costs, should be vacated. The circumstances herein pose an issue of unjust enrichment in that the court awarded plaintiff full restitution of the payments made for purchase of the accounting practice without adjustment for benefits realized by plaintiff from owning the practice for the period 1991-1995 or for the decline in value of the practice since the time of purchase. As a consequence, it appears impracticable if not impossible to restore the parties to the status quo ante, and vacatur of the substantive remedial portions of the judgments herein and remand to Supreme Court for further consideration of what would constitute an equitable remedy is the most prudent course.

It is within a court's inherent, equitable and discretionary powers to modify, in the interests of justice, an excessive award granted in a judgment (*see*, *Brosnan v Behette*, 186 AD2d 165, *lv denied* 81 NY2d 706; *Cervino v Konsker*, 91 AD2d 249, 253, *appeal dismissed* 59 NY2d 761; *Oppenheim v Melnick*, 34 AD2d 784, *lv denied* 27 NY2d 730; *Monette v Bonsall*, 29 AD2d 839; 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12), to "adjust the equities between the parties [such] that unjust enrichment is avoided" (CPLR 3004), to deny rescission or other " 'equitable relief [where it] appears to be impossible or impracticable' " (*Ungewitter v Toch*, 31 AD2d 583, 584, *affd* 26 NY2d 687, quoting *Doyle v Allstate Ins. Co.*, 1 NY2d 439, 443), or, where plaintiff has established his entitlement to an impracticable equitable remedy, " '[to] award damages in lieu of the desired equitable remedy' " (*Lusker v Tannen*, 90 AD2d 118, 125, quoting *Doyle v Allstate Ins. Co.*, *supra*, at 443). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.