Port Morris Distillery, Inc. v Global Estate LLC (2024 NY Slip Op 00152)

Port Morris Distillery, Inc. v Global Estate LLC

2024 NY Slip Op 00152

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 28397/18 Appeal No. 1402 Case No. 2023-02363 

[*1]Port Morris Distillery, Inc., Plaintiff-Respondent,
v
Global Estate LLC, et al., Defendants-Appellants.

Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellants.
Ginsburg & Misk LLP, Queens Village (Christopher Ryan Clarke of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered May 3, 2023, which, to the extent appealed from, denied defendants Sengdara LLC, Three Suns Holdings LLC, and Sandy Sun LLC's (collectively, landlord) motion for a money judgment against plaintiff, unanimously reversed, on the law, with costs, and the motion granted in the amount of $100,974.
In December 2018, plaintiff was granted a Yellowstone injunction, but starting in March 2021, it failed to pay rent to landlord. In January 2023, the court ordered plaintiff to pay landlord $82,882, representing rent owed through October 2022, within 30 days of being served with the order with notice of entry, and rent pendente lite from January 2023 until further order of the court. Plaintiff failed to pay either, despite being served with the order with notice of entry.
Thereafter, landlord moved for a money judgment in the amount of $100,974 for base rent arrears for the months of April 2021 through February 2023 and all subsequent months for which plaintiff failed to pay rent or use and occupancy through the date of the decision on the motion. The $100,974 was comprised of the $82,882 that the court had ordered plaintiff to pay, $9,046 in rent for November and December 2022, which the January 2023 order had overlooked, and $9,046 in rent for January and February 2023.
Upon plaintiff's failure to pay the amounts stated in the January 2023 order, landlord was entitled to a money judgment (see Rose Assoc. v Johnson, 247 AD2d 222, 223 [1st Dept 1998]; 61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp., 173 AD2d 372 [1st Dept 1991], lv dismissed 78 NY2d 1123 [1991]; Calvert v Le Tam Realty Corp., 118 AD2d 426, 427 [1st Dept 1986]). Landlord, however, is not entitled to use and occupancy beyond $100,974, because plaintiff surrendered the premises in or about March 2023.
Plaintiff's contention that defendants frustrated its ability to use and enjoy its lease is unavailing, as "the obligation to pay rent pursuant to a commercial lease is an independent covenant, and . . . cannot be relieved by allegations of a landlord's breach, absent an express provision to the contrary" (Universal Communications Network, Inc. v 229 W. 28th Owner, LLC, 85 AD3d 668, 669 [1st Dept 2011]). Plaintiff cites to no such provision.
Although plaintiff may raise law of the case — a legal rather than a factual argument — for the first time on appeal, its invocation of this doctrine is unavailing. Law of the case has no binding force here on appeal, as this Court is not a court of coordinate
jurisdiction with the motion court (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024