## 186 Bleecker Prop. Owner LLC v Figaro NYC LLC

2025 NY Slip Op 32797(U)

August 13, 2025

Supreme Court, New York County

Docket Number: Index No. 153787/2025

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. EMILY MORALES-MINERVA**

*Justice*

PART 42M

-------------------------------------------------------------------X

186 BLEECKER PROPERTY OWNER LLC

Plaintiff,

- v -

FIGARO NYC LLC,

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153787/2025 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 39, 40, 41, 42, 43, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57

were read on this motion to/for _____CONTEMPT_____.

APPEARANCES:

    Rosenberg & Estis, P.C., New York, NY (Alexander Maxwell Estis, Esq., of counsel), for plaintiff.

    Wenig Saltiel LLP, New York, NY (Dan M. Blumenthal, Esq., of counsel), for defendant.

EMILY MORALES-MINERVA, J.S.C.

    In this commercial landlord-tenant action for declaratory relief and for an order of ejectment, plaintiff 186 BLEECKER PROPERTY OWNER LLC (owner-landlord) moves, by order to show cause (motion sequence number 003), for orders (1) holding defendant FIGARO NYC LLC (commercial tenant) in civil contempt

153787/2025 186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 1 of 18

pursuant to CPLR § 5104[1] and Judiciary Law § 753 (A)(3)[2] for commercial tenant's failure to comply with the parties' stipulation, dated May 09, 2025 stipulation executed by the parties and so-ordered by the court; (2) awarding owner-landlord attorneys' fees pursuant to Judiciary Law § 773[3]; (3) granting owner-landlord a judgment of possession of the premises, consisting of a portion of the ground floor and basement located at 184 Bleecker Street, New York, New York 10012 (premises); (4) issuing an order of ejectment against commercial tenant, directing the Sheriff of the City of New York to eject and remove tenant from the premises; (5) permitting owner-landlord to remove and discard the remaining personal property of

---

[1] Section 5104 of the CPLR provides, "Any interlocutory or final judgment or order, or any part thereof, not enforceable under either article fifty-two or section 5102 may be enforced by serving a certified copy of the judgment or order upon the party or other person required thereby or by law to obey it and, if he refuses or wilfully neglects to obey it, by punishing him for a contempt of the court."

[2] Section 753 (A)(3) of the Judiciary Law provides, "A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in any of the following cases: (3) A party to the action or special proceeding, an attorney, counsellor, or other person, for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution can not be awarded for the collection of such sum except as otherwise specifically provided by the civil practice law and rules; or for any other disobedience to a lawful mandate of the court."

[3] Section 773 of the Judiciary Law provides, as relevant here, "If an actual loss or injury has been caused to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court. The payment and acceptance of such a fine constitute a bar to an action by the aggrieved party, to recover damages for the loss or injury. Where it is not shown that such an actual loss or injury has been caused, a fine may be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto, and must be collected and paid, in like manner. A corporation may be fined as prescribed in this section."

**153787/2025   186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC**
**Motion No.  003**

Page 2 of 18

2 of 18

[* 2]

commercial tenant; and (6) awarding owner-landlord a money judgment against commercial tenant, in the amount of $61,000.00 for each unpaid month which has accrued from April 01, 2025 through and including the date owner-landlord recovers possession of the premises (see New York State Courts Electronic Filing System [NYSCEF] Doc. No. 50, Order to Show Cause, dated June 04, 2025).

Commercial tenant opposes the relief requested (see NYSCEF Doc. Nos. 54-55, Opposition to Order to Show Cause).

The order to show cause (motion seq. no. 003) was returnable in Part 42M, 111 Centre Street, New York, New York, on August 05, 2025, at 2:30 P.M. At the call of the calendar, commercial tenant and owner-landlord appeared, by counsel.

Now, for the reasons set forth below, the Court grants the order to show cause (motion seq. no. 003) to the extent provided herein.

BACKGROUND

On November 18, 2020, non-party Valley Stream Associates, as owner and landlord, and defendant FIGARO NYC LLC, as commercial tenant, entered into a 15-year commercial lease (lease) (see NYSCEF Doc. No 12, Lease, dated November 18, 2020). Pursuant to said lease, commercial tenant leased from Valley

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC  Page 3 of 18
Motion No. 003

3 of 18

Stream Associates a portion of the ground floor and basement at 184 Bleecker Street, New York, New York 10012 (premises) (see id.).

At some point thereafter, 186 BLEECKER PROPERTY OWNER LLC (owner-landlord) became owner and landlord of the subject property (see id.). Things soured between owner-landlord and commercial tenant, and commercial tenant commenced a proceeding in Supreme Court, New York County pursuant to Figaro NYC LLC v 186 Bleecker Property Owner LLC, Index No. 150333/2023, seeking a Yellowstone injunction. Owner-landlord commenced a separate holdover proceeding in Civil Court, New York County, pursuant to 186 Bleecker Property Owner LLC v Figaro NYC LLC, Index No. LT-306323-24/NY. The lease was terminated effective March 29, 2024, pursuant to a five-day notice of cancellation, dated March 21, 2024 (see id.).

However, the parties resolved both actions, and pursuant to said resolution, owner-landlord reinstated the lease with commercial tenant on January 31, 2025 (see NYSCEF Doc. No. 12, Reinstatement and Third Amendment of the Lease, dated January 31, 2025 [providing that "the lease is hereby reinstated in full, and all the terms and provisions of the lease are incorporated herein as though restated herein"]).

Pursuant to Article 3 of the Reinstatement and Third Amendment of the Lease:

153787/2025   186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC                    Page 4 of 18
Motion No. 003

4 of 18

> "<u>The parties hereto agree that the rent and additional rent schedule in the Lease remains unmodified, except that</u>, in addition to the rent and additional rent contained therein, Tenant shall pay a supplemental rent in the aggregate amount of $43,134.00 (the Arrears Rent), which Arrears Rent shall be payable in twelve (12) equal monthly installments of $3,594.50 per month commencing on February 1, 2025 and thereafter payable concurrent with the eleven (11) next succeeding payments of Fixed Annual Rent due under the Lease. Arrears are to be paid by wire transfer of immediately available U.S. funds in accordance with the wiring instructions provided to Tenant pursuant to the Lease or, at the election of Landlord and upon 10 days' written notice, by bank check delivered to Landlord's offices or such other form of payment as Landlord may require"

(emphasis added)(NYSCEF Doc. No. 12, Reinstatement and Third Amendment of the Lease). Pursuant to Article 65 (a)(v) of the lease, commercial tenant's fixed annual rent is "$346,080.00 per annum ($28,840.00 per month)" (NYSCEF Doc. No. 12, Lease, Article 65 [a][v]). Accordingly, the monthly rent due amounted to a total of $32,434.50.

The lease also provides that:

> "If Tenant shall make any payment of fixed rent, additional rent or other charges more than ten (10) days after the same is due and payable Tenant shall pay a late payment charge on the amount due equal to the lower of the Interest Rate or the highest rate permitted by law and shall, in addition, pay a late payment charge equal to five (5%) percent of the amount due. Such amounts

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No.  003

Page 5 of 18

[* 5]

> shall be payable as additional rent
> hereunder"

(NYSCEF Doc. No. 12, Lease, Article 53).

On or around February 01, 2025, things again soured between owner-landlord and commercial tenant, and commercial tenant ceased paying rent (see NYSCEF Doc. No. 15, Tenant Statement, dated March 27, 2025). Due to such, owner-landlord served a notice of default upon commercial tenant, which provided that "[commercial tenant] is required to cure [the] default in payment by paying $34,418.07 [the 'Rent Arrears'] to [owner-landlord], that being the total of all outstanding Fixed Rent and Additional Rent due and owing [] on or before March 19, 2025 [the 'Cure Date'] (NYSCEF Doc. No. 13, Notice of Default, dated March 06, 2025).

Commercial tenant failed to tender the rent arrears of $34,418.07 by the cure date. Therefore, in accordance with Article 9 of the Third Reinstatement and Third Amendment of the Lease,[4] owner-landlord served commercial tenant with a notice of

---

[4] Article 9 of the Third Reinstatement and Third Amendment of the Lease provides, as pertinent here, "if Tenant defaults in any of its payment obligations under the Lease and fails to cure such default within seven (7) business days after Landlord's service on Tenant of written notice of such default [] then (i) Landlord may serve a written notice of immediate cancellation of this Lease upon Tenant, and this Lease and the term thereunder shall end and expire as fully and completely as if the date of such notice were the day herein definitely fixed for the end and expiration of this Lease and the term thereof, and Tenant shall then quit and surrender the Demised Premises to Landlord, but Tenant shall remain liable as provided in the Lease; (ii) without limiting the obligations of Tenant under the Lease, remaining balance due for the Arrears Rent shall immediately become due and payable and Tenant shall immediately relinquish possession of the Demised Premises in broom clean condition, free of all contents, and delivering keys to Landlord and remove all of its personal property; and (iii) Landlord may dispossess Tenant by summary proceedings or otherwise" (NYSCEF Doc. No. 12).

immediate cancellation of the lease, requiring tenant to vacate and surrender possession of the premises to owner-landlord (see NYSCEF Doc. No. 14, Notice of Immediate Cancellation of Lease, dated March 20, 2025). However, commercial tenant remained in possession of the premises, despite failing to render payment of the rent arrears (see NYSCEF Doc. No. 003, Complaint).

Consequently, on March 28, 2025, owner-landlord commenced this action against commercial tenant, alleging four causes of action: (1) a declaratory judgment declaring that owner-landlord is entitled to immediate possession of the premises, and an order of ejectment against commercial tenant; (2) a money judgment for all fixed rent, additional rent, and other charges due and owing under the lease; (3) a money judgment for use and occupancy, in addition to the agreed upon holdover rate; and (4) attorneys' fees (see id.).

Owner-landlord then moved, by order to show cause (mot. seq. no. 001), for, among other things, an order directing commercial tenant to pay owner-landlord use and occupancy at the holdover rate of $48,448.19 for the first thirty days, and $77,517.10 per month thereafter (see NYSCEF Doc. No. 004, Order to Show Cause, dated March 31, 2025). Commercial tenant answered, and opposed the order to show cause (see NSYCEF Doc No. 25, Answer, and Doc. No. 20, Affirmation in Opposition).

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 7 of 18

7 of 18

[* 7]

The order to show cause (mot. seq. no. 001) was returnable in Part 42M, 111 Centre Street, New York, New York, on May 09, 2025, at 12:00 P.m. At the call of the calendar, owner-landlord and commercial tenant appeared, by counsel.

The parties resolved the order to show cause (mot. seq. no. 001) pursuant to a so-ordered stipulation which provides, in full:

> "It is hereby stipulated and agreed by and between or among the attorneys named below as follows: that the parties consent that [owner-landlord's] motion for use and occupancy is granted to the extent that defendant is directed to pay $61,000.00 and all outstanding additional rent, without prejudice to the parties' rights on or before May 12, 2025 and will pay use and occupancy pendente lite in the amount of $30,500.00 on or before the first of each month thereafter and pay all additional rent as it would come due under the lease, with all payments to be without prejudice to parties' rights, claims and remedies"

(NYSCEF Doc. No. 31, So-ordered Stipulation, dated May 09, 2025). Thereafter, the court marked the order to show cause (mot. seq. no. 001) as granted pursuant to said stipulation (id.).

It is undisputed that commercial tenant failed to comply with the so-ordered stipulation, notwithstanding its continued use and occupancy of the premises. Owner-landlord now moves, by order to show cause (mot. seq. no. 003), for orders (1) holding commercial tenant in civil contempt pursuant to CPLR § 5104 and

153787/2025 186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC Page 8 of 18
Motion No. 003

8 of 18

[* 8]

Judiciary Law § 753 (A)(3) for commercial tenant's failure to comply with the May 09, 2025 so-ordered stipulation; (2) awarding owner-landlord attorneys' fees pursuant to Judiciary Law § 773; (3) granting owner-landlord a judgment of possession of the premises; (4) issuing an order of ejectment against commercial tenant, directing the Sheriff of the City of New York to eject and remove tenant from the premises; (5) permitting owner-landlord to remove and discard the remaining personal property of commercial tenant; and (6) awarding owner-landlord a money judgment against commercial tenant, in the amount which has accrued from April 01, 2025 through and including the date owner-landlord recovers possession of the premises.

In support of its application, owner-landlord submits the parties' stipulation (NYSCEF Doc. No. 41) and an affirmation pf owner-landlord's managing member, David Gleitman, whose duties include overseeing the leasing, billing, and collection of rent (NYSCEF Doc. No. 42).

Commercial tenant opposes the relief requested (see NYSCEF Doc. Nos. 54-55, Opposition to Order to Show Cause).

The order to show cause (motion seq. no. 003) was returnable in Part 42M, 111 Centre Street, New York, New York, on August 06, 2025, at 2:30 P.M. At the call of the calendar, commercial tenant appeared with counsel and owner-landlord

**153787/2025   186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC**        **Page 9 of 18**
**Motion No. 003**

9 of 18

[* 9]

appeared with counsel. The Court heard oral arguments and marked the motion submitted for determination.

ANALYSIS

"It is well settled that any party asserting an interest in real property, as a condition for asserting its rights in litigation, must comply with the court's directions to maintain the status quo, or it will lose any interest it may have in the property" (225 E. 74th Apartments Corp. v Rugova, 2024 WL 5046045 [Sup Ct, NY Cnty 2024], citing 61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp., 202 AD2d 345, 346 [1st Dept 1994]). "A failure to comply with a [court-ordered use and occupancy] directive will result in ejectment and an award of a judgment of possession to [landlord]" (Marbu Assoc. v White, 206 AD3d 562, 563 [1st Dept 2022]; see Park Terrace Gardens, Inc. v Penkovsky, 100 AD3d 577, 577 [1st Dept 2012] [holding that "ejectment was properly based upon [tenants'] repeated failures to comply with orders directing payment of use and occupancy"]; S.J.C. 308 Lenox Ave. Family Ltd. Partnership v Hendrix House Harlem LLC, 85 Misc3d 1205[A], *1 [Sup Ct, NY Cnty 2025] [granting landlord's motion for a judgment of possession against commercial tenant where, following court order for use and occupancy pendente lite, commercial tenant failed to pay use and occupancy for May,

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 10 of 18

[* 10]

June, and July of 2024]; Rose Assoc. v Johnson, 247 AD2d 222, 222-223 [1st Dept 1998][awarding plaintiff-landlord possession of the premises where the tenant failed to pay use and occupancy]; Ali Baba Hotel Corp. v Prose, 2024 NY Misc LEXIS 6952, *2 [Sup Ct, NY Cnty 2024][granting plaintiff landlord an order of ejectment and judgment of possession for defendant tenant's failure to pay court-ordered use and occupancy]).

Further, no additional notice is necessary as a predicate to ejectment where, as here, commercial tenant had actual notice of owner-landlord's intent to terminate his tenancy through the relief requested in the complaint, as well as through the initial termination notice date (see NYSCEF Doc. No. 14, Notice of Immediate Cancellation of Lease, dated March 20, 2025; E. 82 LLC v O'Gormley, 295 AD2d 173, 175 [1st Dept 2022][holding that a notice of termination is not required as predicate to ejectment where defendant tenant, who had a fixed and definite lease term, had actual notice of plaintiff's intent to terminate his tenancy through prior legal proceedings]).

Owner-landlord seeks an order of ejectment and judgment of possession for commercial tenant's failure to pay use and occupancy pendente lite. Owner-landlord established that, in violation of the court's May 09, 2025, so-ordered stipulation, commercial tenant (1) failed to remit the use and occupancy for April and May 2025 in the amount of $61,000.00 to owner-landlord

153787/2025 186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 11 of 18

11 of 18

by the May 12, 2025 deadline, and (2) failed to pay use and occupancy pendente lite in the amount of $30,500.00 on or before the first of each month, including the payment that was due on August 01, 2025.

Commercial tenant does not dispute that it failed to remit such payments as directed by the so-ordered stipulation. Instead, commercial tenant contends that the deadline contained in the so-ordered stipulation, which it entered into, represented by counsel, is an "extremely short payment schedule" (NYSCEF Doc. No. 55, Affirmation of Florence D. Zabokritsky, Member of commercial tenant). Commercial tenant further blames its failure to comply on a compromised bank account (see id.).

However, the evidence proffered to support this contention is an unauthenticated letter from Chase Bank, dated two months after the payment at issue was due (see NYSCEF Doc. No. 57, Letter from Chase Bank, dated July 24, 2025). Notwithstanding the alleged comprised bank account, commercial tenant, by counsel, noted, on the record and at oral arguments, that it possessed other bank accounts (but see Amodio v Platt, 2019 WL 3252783 [Sup Ct, NY Cnty 2019][for the proposition that even if tenant did not have sufficient funds to make the payments, it would not excuse its default]).

Commercial tenant proffered no credible explanation for its continued failure to tender payment of use and occupancy due on

153787/2025 186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC Page 12 of 18
Motion No. 003

[* 12] 12 of 18

August 01, 2025 in the amount of $30,500.00 (see NYSCEF Doc. No. 31, Stipulation, dated May 09, 2025). Instead, commercial tenant confirmed on record that it was prepared to make said delinquent payment to owner-landlord within a few days after oral arguments.

Given the undisputed circumstances of this case, an order of ejectment against commercial tenant and a judgment of possession in favor of owner-landlord are warranted (see YS 440W57 Owner LLC v APEX Parking LLC, 2021 WL 4724252 [Sup Ct, NY Cnty 2021] [holding that commercial tenant's failure to pay use and occupancy justifies an ejectment]; S.J.C. 308 Lenox Ave. Family Ltd. Partnership, 85 Misc3d 1205[A], at *2 [holding that a judgment of possession is an appropriate remedy when court-ordered interim use and occupancy has gone unpaid]).

Further, owner-landlord is entitled to a money judgment against commercial tenant for commercial tenant's failure to pay use and occupancy pendente lite, in accordance with the so-ordered stipulation, dated May 09, 2025 (see generally Port Morris Distillery, Inc. v Global Estate LLC, 223 AD3d 483, 484 [1st Dept 2024] [holding that, upon commercial tenant's failure to pay rent pendente lite pursuant to a January 2023 court order, landlord was entitled to a money judgment for the same]).

However, the court is unable to determine, on this motion, the amount commercial tenant owes. Therefore, the court will

153787/2025   186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 13 of 18

13 of 18

[* 13]

direct a hearing to determine the exact amount of use and occupancy owed.

The court next addresses owner-landlord's application for a finding of civil contempt against commercial tenant pursuant to Judiciary Law § 753 (A)(3) and CPLR § 5104. Section 5104 of the CPLR makes available the contempt penalty as an enforcement device for any "interlocutory or final judgment or order" that is <u>not enforceable</u> under Article 52 of the CPLR (enforcement of a money judgment) or CPLR § 5102 (enforcement of an award of possession of real property or chattel). Similarly, Section 753 of the Judiciary Law makes available the contempt penalty as an enforcement device when a party "disobey[s] a clear and unequivocal mandate" which "defeat(s), impair(s), impede(s) or prejudice(s) the rights of the other party" for the non-payment of a sum of money, ordered by the court to be paid "<u>where by law execution can not be awarded for collection of such sum</u>" (Judiciary Law § 753 [A][3][emphasis added]).

"It is well established that where a tenant violates a court order directing payment of use and occupancy, the landlord is entitled to entry of a money judgment in the amount of unpaid use and occupancy, and/or the issuance of a final judgment of possession" (<u>Motichka v MP 1291 Trust</u>, 2024 NY Slip Op 32056[U], *4 [Sup Ct, NY Cnty 2024], <u>citing</u> <u>Rose Assoc</u>, 247 AD2d at 223). Further, a court order to pay interim use and occupancy

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 14 of 18

constitutes a money judgment (see Calvert v Le Tam Realty Corp.,
118 AD2d 426, 426 [1st Dept 1986]).

Where, as here, a commercial "tenant has failed to pay
court-ordered interim use and occupancy, the proper remedy is
not to hold [tenant] in contempt of court, but rather a money
judgment or judgment of possession" (Paul v Davidson, 2021 WL
2800017 [Sup Ct, NY Cnty 2021][emphasis added], citing 4504
Utrecht Ave. Corp. v Pita Parlor, Inc., 143 AD2d 171, 171-173
[2d Dept 1988], Calvert, 118 AD2d at 426-428, and Hodo v
Serrecchia, 102 AD2d 807 [1st Dept 1984]).  Judiciary Law § 753
(A)(3) forbids the use of the court's civil contempt powers to
enforce a judgment enforceable by execution (see Weichert v New
York State Div. of Human Rights, 73 AD3d 1452, 1453 [4th Dept
2010], citing Wiebusch v Hayes, 263 AD2d 389, 390-391 [1st Dept
1999]).

The so-ordered stipulation at bar directs commercial tenant
to pay use and occupancy to owner-landlord pendente lite.  This
constitutes a money judgment, which is enforceable through
execution, and not contempt (see, e.g., Calvert, 118 AD2d at
427; Ali Baba Hotel Corp., 2024 NY Misc LEXIS 6952, at *3-4
[landlord moved for an order of ejectment, judgment of
possession, money judgment in the amount of tenant's use and
occupancy arrears, and an order punishing tenant's for contempt
for failing to pay use and occupancy as ordered by the court --

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC          Page 15 of 18
Motion No.  003

the court granted landlord's motion, in part, finding that landlord was entitled to an order of ejectment, judgment of possession, and a money judgment, but was not entitled to a finding of contempt]; Paul, 2021 WL 280017 [for the same]).

In light of the court's ruling herein, owner-landlord's first cause of action, which seeks a declaratory judgment declaring that owner-landlord is entitled to immediate possession of the premises, and an order of ejectment against commercial tenant, is dismissed as moot. As such, the second, third, and fourth causes of action remain.

Accordingly, it is hereby

ORDERED that the branch of plaintiff 186 BLEECKER PROPERTY OWNER LLC's motion seeking a money judgment for the court-ordered use and occupancy that defendant FIGARO NYC LLC failed to pay is granted; it is further

ORDERED that said amount shall be determined at a hearing, which shall be held on October 23, 2025, at 11:00 A.M. in Part 42, Courtroom 574, located at 111 Centre Street, New York, New York; it is further

ORDERED that the branch of plaintiff 186 BLEECKER PROPERTY OWNER LLC's motion seeking an ejectment of defendant FIGARO NYC LLC from the premises, which consists of a portion of the ground floor and basement located at 184 Bleecker Street, New York, New York 10012, is granted; it is further

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 16 of 18

[* 16]

16 of 18

ORDERED that the branch of plaintiff 186 BLEECKER PROPERTY OWNER LLC's motion seeking a judgment of possession for the premises, which consists of a portion of the ground floor and basement located at 184 Bleecker Street, New York, New York 10012, is granted; it is further

ADJUDGED that plaintiff 186 BLEECKER PROPERTY OWNER LLC is entitled to possession of the premises, which consists of a portion of the ground floor and basement located at 184 Bleecker Street, New York, New York 10012 as against defendant FIGARO NYC, and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Decision and Order, and payment of proper fees, is directed to place plaintiff 186 BLEECKER PROPERTY OWNER LLC in possession accordingly; it is further

ADJUDGED that plaintiff 186 BLEECKER PROPERTY OWNER LLC may exercise all acts of ownership and possession of the premises, which consists of a portion of the ground floor and basement located at 184 Bleecker Street, New York, New York 10012, including entry hereto, as against defendant FIGARO NYC LLC;

ORDERED that the branch of plaintiff 186 BLEECKER PROPERTY OWNER LLC's motion seeking to hold defendant FIGARO NYC LLC in civil contempt pursuant to Judiciary Law § 753 (A)(3) is denied; it is further

153787/2025  186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC          Page 17 of 18
Motion No.  003

17 of 18

[* 17]

ORDERED that the branch of plaintiff 186 BLEECKER PROPERTY OWNER LLC's motion for an award of attorneys' fees pursuant to seeking to hold defendant FIGARO NYC LLC in civil contempt pursuant to Judiciary Law § 773 is denied; it is further

ORDERED that plaintiff 186 BLEECKER PROPERTY OWNER LLC's first cause of action to the complaint is dismissed, as moot; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

_____
DATE  8/12/2025

_____
EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153787/2025   186 BLEECKER PROPERTY OWNER LLC vs. FIGARO NYC LLC
Motion No. 003

Page 18 of 18

[* 18]                                          18 of 18